John BROZ, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, a Department of the United States Government, Defendant-Appellant.

Richard D. HOLMES, Plaintiff-Appellee,

v.

Margaret M. HECKLER, The Secretary of Health and Human Services, Defendant-Appellant.

Corrine LITTLE, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant-Appellant.

Thomas O. JONES, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary, Department of Health & Human Services, Defendant-Appellant.

Fred SOESBE, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellant.

Nos. 81–7140, 81–7143, 81–7336, 81–7370 and 81–7466.

United States Court of Appeals, Eleventh Circuit.

July 25, 1983.

Thomas H. Figures, E.T. Rolison, Jr., Ginny S. Granade, Asst. U.S. Attys., Mobile, Ala., Ann Buxton Sobol, Federal Programs Branch, Robert S. Greenspan, Nicholas S. Zeppos, Dept. of Justice, Appellate Staff, Civ. Div., Washington, D.C., for Heckler.

Robert S. Edington, Joseph E. Carr, IV, Legal Services Corp. of Alabama, Mobile, Ala., for Broz.

Steven Emens, Alabama Legal Services, Tuscaloosa, Ala., for Holmes.

Michael J. Salmon, Gulf Shores, Ala., for Little.

Daniel L. McCleave, Mobile, Ala., for Jones.

Nettles, Cox & Barker, Kenneth O. Simon, Mobile, Ala., for Soesbe.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GODBOLD, Chief Judge, HENDERSON and MERRITT *, Circuit Judges.

GODBOLD, Chief Judge:

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), we upheld the validity of the Secretary's grid regulations with respect to three of the four factors on which they rely: physical ability, education, and work experience. With respect to the age factor, however, we held the regulations arbitrary and invalid. The Supreme Court granted certiorari, vacated this court's judgment, and remanded for reconsideration in light of *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983).

In *Campbell* the Supreme Court had held that the Secretary may rely on the grid regulations "in appropriate cases." —— U.S. at ——, 103 S.Ct. at 1959. In a footnote the Court explicitly distinguished *Broz,* stating that *Campbell* did not decide the validity of the regulations with respect to age. —— U.S. at —— n. 8, 103 S.Ct. at 1956 n. 8. Beyond this the precise scope of the Court's holding and what remains for this court to decide is a matter of interpretation. The Court did not single out the other three factors when assessing the validity of the regulations. Because the Court did not differentiate among the three remaining factors, its opinion can be read to validate the regulations with respect to all factors except age. A narrower interpretation is also possible. The Social Security claimant in *Campbell* appears to have challenged only the Secretary's determination that a significant number of jobs in the national economy existed for persons with her physical characteristics. Reading its opinion in light of the specific challenge before it, the Court can be interpreted to have upheld the regulations only with respect to the physical ability factor.

Even construing the Court's opinion narrowly to validate only the physical ability factor, the Court's decision in *Campbell* does not undermine our previous holding. The principles we used to analyze the validity of the grid regulations are substantially identical to those employed by the Court in *Campbell.* Like the Court in *Campbell,* we divided the Secretary's task into two basic aspects. The Secretary must first determine the claimant's individual capabilities and then determine whether a substantial number of jobs exist in the national economy suitable for a person with the claimant's characteristics. —— U.S. at ——–——, 103 S.Ct. at 1957–58; 677 F.2d at 1359. Consistent with the Court in *Campbell,* we held that while the statute properly requires the Secretary to deter-

* Honorable Gilbert S. Merritt, U.S. Circuit Judge      for the Sixth Circuit, sitting by designation.

mine a claimant's individual capabilities through case-by-case adjudication, the Secretary may rely on regulations promulgated through rulemaking in determining the types of jobs available in the national market. —— U.S. at ——–——, 103 S.Ct. at 1957–58; 677 F.2d at 1359.[1]

■ While *Campbell* lends strong support to the principles of analysis we employed, it said nothing to call into question our application of those principles. We accordingly reaffirm our previous holding that "for the three factors of residual functional capacity, education, and work experience, . . . [the regulations properly] remove from adjudication only 'the kinds and numbers of jobs that exist in the national economy and their skill and exertional requirements.'" 677 F.2d at 1359 (quoting 43 Fed.Reg. 55,-349, 55,352 (1978)).

We also reaffirm our holding that the regulations are invalid with respect to age. At first blush, the age factor might appear to fit easily in the analytical framework discussed above, i.e., a person's age is open to individual determination in an adjudicatory hearing, and the regulations can be interpreted to make a legislative determination concerning the effect of age on the availability of employment in the national market. But, as our previous decision recognized, the age factor is not amenable to such simple treatment.

■ The Secretary's regulations indicate that age is relevant insofar as it affects a worker's ability to adapt and adjust to a new job and a new working environment. *See* 20 C.F.R. Sec. 404.1563 (1982). As we held previously, the effect of an individual's age on his ability to adapt relates to individual capabilities, not the national market, and requires case-by-case adjudication. 677 F.2d at 1359–61.

Having reaffirmed our previous holding regarding the validity of the regulations,

we need not reconsider our decision regarding the other alleged defects in the Secretary's treatment of this case. *See* 677 F.2d at 1364 n. 17.

The judgment of the district court is AFFIRMED in part and VACATED in part, and REMANDED with instructions to remand to the agency for proceedings consistent with this opinion.

---

1. We based our holding on the accepted distinction between legislative and adjudicative facts. 677 F.2d at 1357–61. The Supreme Court's decision, while not explicitly mentioning this distinction, is fully consistent with it. Adjudicative facts or, as the Court put it, "his-toric facts," are unique to the individual case and require adjudication. In contrast, legislative facts, or facts that are "not unique to each claimant", —— U.S. at ——, 103 S.Ct. at 1958, may be determined through rulemaking.