John BROZ, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, A Department of the United States Government, Defendant-Appellant.

Richard D. HOLMES, Plaintiff-Appellee,

v.

Margaret M. HECKLER, The Secretary of Health and Human Services, Defendant-Appellant.

Corrine LITTLE, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant-Appellant.

Thomas O. JONES, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary, Department of Health & Human Services, Defendant-Appellant.

Fred SOESBE, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellant.

Nos. 81–7140, 81–7143, 81–7336, 81–7370 and 81–7466.

United States Court of Appeals, Eleventh Circuit.

Dec. 8, 1983.

Thomas H. Figures, Ginny S. Granade, Asst. U.S. Attys., E.T. Rolison, Jr., Mobile, Ala., Ann Buxton Sobol, DOJ, Civil Div., Federal Programs Branch, Washington, D.C., Robert S. Greenspan, Nicholas S. Zeppos, Dept. of Justice, Appellate Staff, Civil Div., Washington, D.C., for Heckler.

Robert S. Edington, Joseph E. Carr, IV, Legal Services Corp. of Ala., Mobile, Ala., for Broz.

Steven Emens, Alabama Legal Services, Tuscaloosa, Ala., for Holmes.

Michael J. Salmon, Gulf Shores, Ala., for Little.

Daniel L. McCleave, Mobile, Ala., for Jones.

Nettles, Cox & Barker, Kenneth O. Simon, Mobile, Ala., for Soesbe.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, HENDERSON and MERRITT *, Circuit Judges.

---

* Honorable Gilbert S. Merritt, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

GODBOLD, Chief Judge:

Our decision in *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982) was vacated by the Supreme Court, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), and the case remanded for our reconsideration in the light of *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). We reconsidered the decision and adhered to our prior decision in *Broz II,* 711 F.2d 957 (11th Cir.1983).

The government seeks a rehearing or rehearing en banc asserting that *Broz* is in conflict with four cases—*Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *United States v. Storer Broadcasting Co.,* 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1956); and *Watkins v. Schweiker,* 667 F.2d 954 (11th Cir.1982). We find no conflict and stand by our prior ruling that in disability hearings the factor of age must be considered on a case-by-case basis. However, we recognize that some of our language in *Broz I* and *Broz II* swept too broadly, and we modify those decisions accordingly.

*Campbell* involved the same medical-vocational guidelines at issue here.[1] The Supreme Court explicitly stated that validity of the use of age as a vocational factor was not at issue. —— U.S. at ——, n. 8, 103 S.Ct. at 1956 n. 8, 76 L.Ed.2d at 73 n. 8. Furthermore, the Court, although not using the terms "legislative fact" and "adjudicative fact," noted that "historic facts" should be determined at a hearing but that facts "not unique to each claimant" may be determined by rulemaking. *Id.* at ——, 103 S.Ct. at 1958, 76 L.Ed.2d at 75. Thus, we leave in effect our prior conclusion that the Supreme Court "said nothing to call into question our application of those principles [use of the legislative/adjudicative fact distinction to determine the proper role of rulemaking under the Federal Old-Age, Survivors, and Disability Benefits section of

---

1. The background of the case is thoroughly presented in *Broz I* and is not repeated here.

the Social Security Act]." *Broz II,* 711 F.2d at 959.

In *Storer Broadcasting* the Supreme Court recognized that even when an agency's enabling statute required the agency to hold an individualized hearing, the agency could use its rulemaking authority to decide issues that did not require an individualized determination. 351 U.S. at 202–204, 76 S.Ct. at 770–71. *Broz* acknowledges the agency's authority to do rulemaking on legislative facts. The issue remains whether the effects of age on ability to adjust must be made on a case-by-case basis rather than as part of the rulemaking process.

The Eleventh Circuit upheld application of the medical-vocational guidelines to a claimant in *Watkins.* Presumably the claimant never raised the issue of the validity of the regulations in general or the validity of the use of age, since the court did not consider either of these issues. *Watkins* therefore does not conflict with *Broz.*

*Vance v. Bradley* presents the only apparent conflict with *Broz.* *Bradley* involved an equal protection challenge to a mandatory retirement age of 60 for Foreign Service personnel when employees covered by the Civil Service were not required to retire until 70. *Bradley* contains language indicating that the affect of age on ability to work is a legislative fact.

> In an equal protection case of this type, however, those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker . . . .
>
> Consequently, appellees were required to demonstrate that Congress had no reasonable basis for believing . . . that at age 60 or before many persons begin something of a decline in mental and physical reliability.

440 U.S. at 111, 99 S.Ct. at 949–50 (cites omitted).

Given the Court's language in *Bradley,* we swept too broadly in *Broz I and II* when we said that the effect of age could never be a legislative fact. *Broz I,* 677 F.2d at 1360; *Broz II,* 711 F.2d at 959. However, this recognition does not require reversal of our determination that in disability hearings the effect of age on an individual's ability to work should be determined on a case-by-case basis. We believe that Congress's intent in adding the language "considering age, education, and work experience" was that there should be an individualized determination of the effect of each of these factors on an individual's ability to work. Congress added this language to the statute when it adopted the Social Security Amendments of 1967, an omnibus bill with far-reaching changes in both welfare and social security laws. The redefinition of disability was only a minor part of the bill, and the specific language we are seeking to construe was only a minor aspect of that minor part. Consequently, there is no detailed discussion of this language in the congressional debates. However, the language is specifically mentioned in the context of explaining the need for a redefinition of disability.[2] These statements, while not conclusive, suggest that Congress intended that there be an individualized determination of the factor of age.

> Reflecting your committee's concern about the rising cost of the disability insurance program and the way the statutory definition of disability has been interpreted in some court jurisdictions, and the effect this has had and may have in the future on the administration of the disability program, the bill provides specific guidelines in the law for determining when an individual is disabled to the degree required under the definition in the law. The language added to the basic definition specifies, first, that where an individual has the ability, considering his age, education, and work experience, to engage in substantial gainful activity

---

**2.** Congress was seeking to overturn court decisions that permitted an individual to obtain disability benefits even if he worked a full shift or if he could not obtain a job in his area but there were many suitable jobs available elsewhere.

**1300**

that exists in the national economy, he is not disabled regardless of whether a specific job is available to him or exists in the general area in which he lives.

113 Cong.Rec. 23049 (1967) (statement of Rep. Mills, chairman of House Committee on Ways and Means).

The language proposed to be added to the statute specifies the requirements that must be met in order to establish inability to engage in any substantial gainful activity for insured workers (and certain adults disabled in childhood) whose impairments are not of the level of severity that such a presumption can be made regardless of the age, education, and previous experience of the particular individual. The language added by the bill would provide: that such an individual would be disabled only if it is shown that he has a severe medically determinable physical or medical (sic) impairment or impairments; that if, despite his impairment or impairments, an individual still can do his previous work, he is not under a disability; and that if, considering the severity of his impairment together with his age, education, and experience, he has the ability to engage in some other type of substantial gainful work that exists in the national economy even though he can no longer do his previous work, he also is not under a disability regardless of whether or not such work exists in the general area in which he lives or whether he would be hired to do such work.

H.R.Rep. No. 544, 90th Cong., 1st Sess. 30 (1967).

From these explanations of the bill we infer that Congress intended that in the disability context the effect of age be determined on a case-by-case basis. Furthermore, HHS has interpreted the other two factors to require individualized determination; it suggests no reason to treat age differently; and we perceive none. We therefore reaffirm our prior holding that in the context of disability hearings the effect of age must be treated on a case-by-case basis.

The opinions in *Broz I,* 677 F.2d 1351 (11th Cir.1982) and *Broz II,* 711 F.2d 957 (11th Cir.1983), are MODIFIED. In all other respects the petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.