**Edward E. POWELL,**
**Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 82–8761**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 17, 1984.

---

M. Stan Ballew, Tifton, Ga., for plaintiff-appellant.

Gregory J. Leonard, Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Edward E. Powell appeals the district court's denial of his application for Social Security disability and disability insurance benefits. 42 U.S.C.A. §§ 416(i), 423 (1983). The claim was reconsidered by the administrative law judge after remand from this Court for receipt of further evidence in light of *Fruge v. Harris*, 631 F.2d 1244 (5th Cir. Unit A 1980).

Mr. Powell is 53 years old with a sixth grade education and has not worked since 1978. His past work includes construction work, truck driving and tavern manager. April 4, 1978, while working as a laborer, he fell from a scaffold and sustained anterior compression fractures of L–1 and L–2 vertebrae. He also injured his right ankle. Claimant was hospitalized from April 4, to May 5, 1978 for a fracture of L–1 and L–2 vertebral bodies. On October 11, 1978, claimant filed an application for disability benefits claiming disability due to a broken back and a right leg injury. The administrative law judge determined that claimant was unable to perform his past relevant work as a construction laborer or as manager of a restaurant but has the residual functional capacity for light work as defined in 20 C.F.R. § 404.1567(b) (1983).

■ Upon a finding that a claimant is unable to return to previous work, the burden of persuasion shifts to the Secretary to present evidence that there is less strenuous employment which claimant can perform, considering his physical and mental condition, age, education, work experience and training. *Fruge v. Harris*, 631 F.2d 1244, 1246–47 (5th Cir. Unit A 1980). Medical evidence and the testimony by a vocational expert in this action meet this burden of the Government.

■ At the supplemental hearing held September 22, 1981, a vocational expert testified that claimant's work at the restaurant business, where he tended bar, cleaned and stocked, was semi-skilled work and the physical demands medium. Claimant's construction work and truck driving was semi-skilled, medium to heavy work. Claimant has the basic ability to read, write, count and make change. He was able to wait on the public, operate machinery, and perform hand, eye and foot coordination. These tasks require fine motor skills, fingering and grasping. A man of claimant's age, with limited education, his work history and these skills, would be considered to be a fair to good employment prospect. The vocational expert determined that the claimant could do machine tending, cab dispatching, or cashiering at a gas station. All of these jobs are either light or sedentary. Some are unskilled or semi-skilled. Further, the expert testified that these are entry level jobs, and could be learned within 30 days. Powell has the abilities now to perform these jobs. The vocational expert determined that claimant, with his physical restrictions, could do light or sedentary work. This is substantial evidence that supports the administrative law judge's decision determining that claimant can do light work.

Powell claims that his past 35 years of work experience have been limited to arduous unskilled physical labor, so that he meets the requirements of 20 C.F.R. § 404.1562 (1983) mandating the finding of disability in his case. The vocational ex-

pert testified, however, that claimant's past work experience was semi-skilled and unskilled. Thus, Powell is not entitled to disability as if he had been engaged in unskilled physical labor for over 35 years.

A categorical consideration of the age factor under the grid would necessitate remand. *Broz v. Heckler*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983). Unlike *Broz*, however, the administrative law judge here considered the individualized testimony of the vocational expert, who testified that there were jobs available to claimant, taking into consideration all relevant factors. It appears that after this individualized consideration, the administrative law judge recited in his decision that the grid, which contains a categorical application of the age factor, rendered Powell not disabled under the Act. In view of the vocational expert's testimony and the individualized consideration of age, this grid application was simply unnecessary and is not grounds for remand under *Broz*.

AFFIRMED.