Otha CALVIN, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–4148.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 1985.

Decided Feb. 11, 1986.

James S. Coon, Samuel J. Imperati, Welch, Bruun & Green, Portland, Or., for plaintiff-appellant.

Richard H. Wetmore, Dept. of Health & Human Service, Seattle, Wash., for defendant-appellee.

Before KENNEDY and NORRIS, Circuit Judges; and STEPHENS *, District Judge.

NORRIS, Circuit Judge:

Otha Calvin ("Calvin") appeals from the district court's summary judgment affirming the denial by the Secretary of Health and Human Services ("the Secretary") of Calvin's application for Social Security disability benefits. Calvin argues that the Secretary may not rely on the medical-vocational guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, App. 2 (1985), to determine the effect of a claimant's age on his ability to perform substantial gainful activity. He contends that the effect of age on a particular claimant's adaptability to new work environments is an adjudicative fact that must be determined on a case-by-case basis, rather than a legislative fact that can be determined by reference to the grids. We affirm.

I

The Social Security Act provides benefits to qualified individuals who are disabled. 42 U.S.C. § 423(a)(1) (1982). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A) (1982). The Act further specifies that a claimant must "not only [be] unable to do his previous work but [must be unable], considering his age, education, and work experience, [to] engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A) (1982). Although claimants have the burden of proving disability, once they show that their impairment prevents them from performing past work the burden of going forward with the evidence shifts to the Secretary. *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982). The Secretary must show that claimants can do less demanding substantial gainful work, given their age, education, and work experience. 42 U.S.C. § 423(d)(2)(A) (1982); 20 C.F.R. § 404.1520(f) (1985).

* Honorable Albert L. Stephens, Jr., Senior U.S. District Judge, Central District of California, sitting by designation.

In 1978, the Secretary promulgated regulations implementing this statutory definition. See 20 C.F.R. Part 404, Subpart P (1985). The regulations require that an initial determination be made as to whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is found "not disabled." Second, it is determined whether the claimant has a severe impairment—one that significantly limits the ability to perform work-related functions; if not, then on the medical evidence alone the claimant is determined to be not disabled.[1] Third, if a severe impairment is found, the impairment is compared against those listed in 20 C.F.R. Part 404, Subpart P, App. 1 (1985), to see if, on the medical evidence alone, the claimant can be found to be disabled. The fourth step requires inquiry into whether the claimant can perform relevant past work; if so, then the claimant is not disabled.

The final step in the sequence is the medical-vocational table challenged here. If the Administrative Law Judge ("ALJ") finds that the claimant has a severe impairment and cannot perform relevant past work, the ALJ must consider the claimant's residual functional capacity, that is, the level of work the claimant is able to perform (sedentary, light or medium) and the claimant's vocational factors—age, education and prior work experience. See 20 C.F.R. § 404.1520 (1985). For claimants found capable of sedentary, light, or medium work, the regulations provide three grids, one corresponding to each level of residual functional capacity. These grids account for the vocational factors of age, education, and work experience, which are mentioned in the statute. 42 U.S.C. § 423(d)(2)(A) (1982). The ALJ determines a claimant's age, education, and work experience and reads from the appropriate table and line the conclusion of whether the claimant is disabled.

In the case before us, the ALJ found that Calvin had a history of back problems that resulted in a severe impairment and that he could not perform the relevant past work—carpentry. The ALJ also found that Calvin retained the residual function capacity to perform sedentary work. The ALJ then applied the grids. Because Calvin was 48 years old at the time of the hearing, the ALJ applied grid 201.19 which required a finding of "not disabled." Had Calvin been 50 years old, grid 201.10 would have applied, requiring a finding of "disabled." See 20 C.F.R. Part 404, Subpart P, App. 2 (1985).[2]

The grids operate on the premise that, at a certain point, age significantly restricts a worker's ability to adapt and adjust to a new job and a new working environment. Id. at § 404.1563(a). As the Secretary treats this factor, a person's ability to adapt or adjust is clearly a fact relating to the individual claimant and not one relating to the national labor market: "Where age is critical to a decision, recognition is taken of increasing physiological deterioration in the senses, joints, eye-hand coordination, reflexes, thinking processes, etc., which diminish a severely impaired person's aptitude for new learning and adaptation to new jobs." 43 Fed.Reg. 55,359 (1978). But the Secretary provides a caveat regarding the operation of the age—adaptability factor in the grid regulations: "[T]here are no conclusive data which relate varying specific chronologial [sic] ages to specific physiologially-based [sic] vocational limitations for performing jobs; this was a pioneering effort by SSA due to the unique nature of its disability program." Id.

Once the components which make up the grids are determined, the grids themselves direct a conclusion of disabled or not dis-

---

1. This second stage was recently invalidated in *Yuckert v. Heckler,* 774 F.2d 1365 (9th Cir.1985). The court held that the severity regulation, by ignoring vocational factors when a claimant's impairment is found non-severe, improperly denies benefits to a claimant who has made a prima facie showing of disability.

2. Calvin later applied for benefits after he turned 50, and he presented new evidence on his medical condition at a second hearing that was recently held. Even if the Secretary approves his new application, this appeal will not become moot because Calvin's claim for back benefits remains at issue.

abled. But the regulation specifically provides that the age categories will not be applied "mechanically in a borderline situation." 20 C.F.R. § 404.1563(a) (1985).[3] Further, the claimant has the opportunity to present evidence and to rebut and challenge each and every component that makes up the grid before disability is decided. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a) (1985).

## II

The Supreme Court held in *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), that the grids were a valid exercise of the Secretary's rulemaking authority. The Court reasoned that "[t]he Social Security Act directs the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." 461 U.S. at 466, 103 S.Ct. at 1957 (citing 42 U.S.C. § 405(a) ). Although conceding that the Act requires that claimants receive individualized hearings and determinations, the Court found that the grids are consistent with this requirement since each claimant's individual abilities must be determined in order to apply the grids, and claimants then have an opportunity to rebut any of these findings. *Id.* at 467, 103 S.Ct. at 1957. The Court was careful to note that a claimant is thus allowed to show that a particular rule should not apply. *Id.* The Court went on to conclude that the grids, when applicable, can be used to meet the Secretary's burden of proof concerning the availability of alternative suitable employment, and that in such situations the testimony of a vocational expert will not be required and the Secretary will not have to cite specific jobs which the claimant may perform.

*Campbell* did not, however, lay to rest all questions regarding the grids. Most importantly, the question of the legality of the age classification was specifically reserved for future determination. 461 U.S. at 464 n. 8, 103 S.Ct. at 1956 n. 8. Thus,

we must confront Calvin's argument that the age component of the grids is irrational because the effect of an individual's age on his ability to adapt relates to individual capabilities, not the national market, and requires case-by-case adjudication.

## III

■ The Secretary's interpretation of the Act is entitled to great deference. *Key v. Heckler*, 754 F.2d 1545, 1552 (9th Cir. 1985); see *Schweiker v. Gray Panthers*, 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981); *Batterton v. Francis*, 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977). Congress has delegated to the Secretary broad power "to prescribe standards for applying certain sections of the [Social Security] Act." *Gray Panthers*, 453 U.S. at 43, 101 S.Ct. at 2640. Nevertheless, the Secretary's power is not unlimited; the regulations she enacts must be consistent with the provisions of the Act, 42 U.S.C. § 405(a) (1982), and "cannot supersede the language chosen by Congress." *Mohasco Corp. v. Silver*, 447 U.S. 807, 825, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980). Thus, a regulation is invalid if the Secretary exceeded her statutory authority or if the regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Key v. Heckler*, 754 F.2d at 1552; see *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983); *Batterton v. Francis*, 432 U.S. at 426, 97 S.Ct. at 2406.

■ We uphold the validity of the age component of the grids on the strength of the Sixth Circuit's analysis in *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2424, 77 L.Ed.2d 1315 (1983). In that case, claimants asserted that line-drawing on the basis of age was not based on sufficient information to make the guidelines rational. The Sixth Circuit held that the grids are "rational legislative and administrative distinctions drawn on the basis of the years of experience the Secretary has had in disability

---

**3.** Calvin does not argue that his was a "borderline" case.

determinations." 667 F.2d at 532. The claimants in *Kirk* made much of the Secretary's statement that no data sources were available that related specific chronological ages to specific vocational limitations for performing jobs. *Id.* (citing 43 Fed.Reg. 55,349, 55,353 (1978)). But the court emphasized that the Secretary had analyzed available age-employment data to determine a point where it would be reasonable to ascribe vocational limitations based on chronological age, and that administrative distinctions need not be drawn with mathematical precision. *Id.* Finally, the Sixth Circuit rejected the claimants' argument that the grids created an invalid irrebuttable presumption: "Since the guidelines specifically require every characteristic to be fully satisfied before the grid is applied, the effect of the grid is only to ensure uniformity and ease of application." *Id.* at 534. The grids come into play only when the claimant's characteristics precisely coincide with the grids. Otherwise, the grids are used at most for guidance in the disability determination. *Id.* at 535.

We agree with the Sixth Circuit. The Secretary's approach may be innovative and imperfect, but not irrational. As one commentator has noted, "[w]hile the difference between age 49 and age 50 is obviously arbitrary, this distinction in age is valid ·as the only feasible way of putting into legal effect the general truth that aging affects one's ability to learn, resilience to life's misfortunes and ability to adapt to change." Goldhammer, *The Effect of New Vocational Regulations on Social Security and Supplemental Security Income Disability Claims*, 32 Ad.L.Rev. 501, 509 (1980).

Calvin relies on *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982) (*Broz I*), *vacated and remanded*, 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 *aff'd on remand*, 711 F.2d 957, *reh'g denied*, 721 F.2d 1297 (11th Cir.1983). That reliance is misplaced. In *Broz I*, the Eleventh Circuit held that the Secretary exceeded the authority conferred by the statute because the age com-

ponent of the regulations determines an adjudicative fact.[4] 677 F.2d at 1357–59. The Eleventh Circuit reasoned that the lack of precision in the age component failed to justify a legislative approach to its resolution: "Instead, the very fact that there are no scientific data sources on which to make the conclusions that the regulations draw underscores that the best source of information for determining the effect of age on adaptability is the individual claimant." *Id.* at 1360.

On remand by the Supreme Court for reconsideration in light of *Campbell*, the Eleventh Circuit reaffirmed *Broz I*, holding that its reasoning survived *Campbell* substantially intact. *Broz v. Heckler*, 711 F.2d 957 (11th Cir.1983) (*Broz II*). The opinions in both *Broz I* and *Broz II* were subsequently modified in *Broz v. Heckler*, 721 F.2d 1297 (11th Cir.1983) (*Broz III*). There the Eleventh Circuit acknowledged that its language in *Broz I* and *Broz II* regarding age as a strictly adjudicative fact "swept too broadly." *Id.* at 1299. Still, the court adhered to the view that Congress' purpose in adding the language "considering age, education, and work experience" was to assure individualized determination of the effect of each of these factors on the individual's ability to work. *Id.* Ultimately, however, in *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984), the Eleventh Circuit held that the Secretary may use the age factor as applied in the grids as evidence of the claimant's ability to adapt to a new work environment, though this age factor may not be conclusive. We believe the approach taken in *Reeves* eliminates any significant conflict between the Eleventh and Sixth Circuits on this issue. Accordingly, we reject Calvin's contention that the Secretary may not rely on the grids to determine the effect of a claimant's age on his ability to perform substantial gainful activity.

## IV

█ We now turn to Calvin's alternative claim that a remand is necessary because

---

**4.** Generally speaking, adjudicative facts are facts developed in individual cases regarding particularized facts, while legislative facts involve broader issues, which are more universally applicable. *See* K. Davis, 2 Administrative Law Treatise § 15:2–3 (1980).

the ALJ's decision in his case antedated the initial decision in *Broz.* He argues that he could not have known at the time of the hearing that, under *Broz,* and ultimately under *Reeves,* he was entitled to introduce evidence as to his own individual adaptability. We reject this argument. At the time of Calvin's hearing, the regulations explicitly provided that a claimant could introduce evidence as to his own individual adaptability to show that the grids should not be applied in his case. 20 C.F.R. § 404.-1563(a). *See Stone v. Heckler,* 722 F.2d 464, 468 (9th Cir.1983) (claimant may show that the grids do not accurately describe his limitations). Moreover, on appeal Calvin fails to suggest any evidence that he could conceivably introduce.[5] Thus we see no purpose to be served by a remand. Calvin has had every opportunity to present his case.

AFFIRMED.

---

5. Because Calvin made no effort whatsoever to demonstrate that the grids inaccurately described his adaptability, we need not decide whether to adopt the Eleventh Circuit's rule that when a claimant proffers substantial credible evidence that his ability to adapt is less than the level established under the grids for persons his age, the Secretary cannot rely on the age factor of the grids and must instead establish the claimant's ability to adapt to a new work environment by independent evidence. *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984).