Oscar W. MOON, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D. Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 86–1476

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1987.

Clint A. Barham, Dallas, Tex., plaintiff-appellant.

Marguerite Lokey, Asst. Reg. Counsel, Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

PER CURIAM:

Appellant challenges the denial of social security benefits due to his alleged total disability following several back injuries, the first of which occurred April 10, 1979, and two subsequent back operations. Finding substantial evidence in the record to support the Secretary's conclusions, and no merit to appellant's other contentions, we AFFIRM.

At the time appellant allegedly became disabled, he was 35 years old, had a seventh grade education and was working as a truck driver. After the first back injury, he was treated conservatively and then with a lumbar laminectomy. He told one doctor he was without pain, and he apparently returned to work until he was reinjured in an automobile accident in January 1980. Following this event, intervals of treatment and occasional work occurred, but by March 1982 appellant had to undergo a second surgery including a spinal fusion. After convalescence of approximately one year, his surgeon advised that appel-

lant could be retrained for lighter work although he was no longer capable of performing his past strenuous type of work. There was evidence from two other doctors that appellant's condition should have improved after the spinal fusion and that he could perform a wide range of sedentary activities. One doctor found appellant's ability to walk and sit markedly limited, but she did not correlate his problems to an inability to perform any gainful work. Moreover, at the hearing before the administrative law judge, appellant testified that he could sit for about two hours before his pain increased. The administrative law judge found that appellant retained the ability to perform sedentary work and considering his age, education, and work experience, and based on the vocational rules, he was not disabled. The district court granted summary judgment affirming this decision.

Appellant first contends that the Administrative Law Judge ("ALJ") applied the wrong legal standard in determining his condition. Although his brief is woefully short of explication, the cases he cites refer to the legal standard required to find that a claimant is not disabled because that claimant does not have a severe impairment. *See* 20 C.F.R. §§ 404.1520–.1521 (1986). Here the Secretary implicitly found a severe impairment existed because he proceeded to the fifth step of the sequential evaluation process, beyond the issue of non-severe impairment. *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir.1984).

■ In the fifth and final stage of evaluation, the factfinder considered the claimant's age, education, and work experience in light of his residual functional capacity. 20 C.F.R. § 404.1520(f) (1986). The Secretary had the burden to show residual functional capacity, and the ALJ was permitted to apply the vocational regulations which became effective February 26, 1979. 20 C.F.R. Part 404, Subp. P, App. 2, § 200.00 (1986). The ALJ concluded that sedentary work was within appellant's residual functional capacity and that, despite limited schooling, he is literate. The ALJ then found that medical—vocational rule 201.24, 20 C.F.R. Part 404, Subp. P, App. 2 (1986) applied, and in light of appellant's age, education, and previous work experience, compelled a conclusion that he is not disabled. Employing the "substantial evidence" standard as we are required to do, we cannot overrule his conclusion. *See Davis v. Schweiker*, 641 F.2d 283, 285 (5th Cir.1981). Appellant's variously-stated contentions that the ALJ failed to consider or properly weigh certain record evidence in his favor fail both because of this narrow standard of review, and because the ALJ took pains to review the record carefully. Thus, the ALJ acknowledged that appellant still experiences lower back pain, but he determined that this did not completely disable appellant. There is no record evidence supporting appellant's claim that he is entitled to psychiatric evaluation.

■ Relying on a line of cases from the Eleventh Circuit, appellant suggests that in rating him not disabled the ALJ gave undue emphasis to the age he had attained at the time he applied for benefits (39 years). *See Broz v. Schweiker*, 677 F.2d 1351, 1359–61 (11th Cir.1982), *vacated*, 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), *on remand, Broz v. Heckler*, 711 F.2d 957, 959 (11th Cir.1983), *modified, Broz v. Heckler*, 721 F.2d 1297, 1299–1300 (11th Cir.1983); *Reeves v. Heckler*, 734 F.2d 519, 525–26 (11th Cir.1984). Reviewed sequentially, the Eleventh Circuit cases have modified their initial position on the age factor in the vocational regulations, and the decision in *Reeves* indicates simply that the ALJ may not use the age factor as conclusive evidence of a claimant's ability to adapt to a new work environment. Three other circuit courts have upheld the age factor as a valid exercise of the secretary's rule-making authority. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 532–33 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); *Cummins v. Schweiker*, 670 F.2d 81, 83 (7th Cir.1982); *Calvin v. Heckler*, 782 F.2d 802, 806 (9th Cir.1986). Appellant does not present a borderline case within

the regulations for he was 39 years old at the time of applying for disability benefits, well within the guideline age group which includes individuals from ages 18 through 44 years. Medical-vocational rule 201.24, 20 C.F.R. Part 404, subp. P, App. 2 (1986). He may not avail himself of the regulation that allows flexibility in applying age categories to borderline situations. 20 C.F.R. § 404.1563(a) (1986). *Compare Cummins v. Schweiker*, 670 F.2d at 83. Appellant presented no evidence tending to show that the guidelines were arbitrary or irrational as applied to him. Consequently, we find no basis to question the Secretary's application of the guidelines to appellant.

■ Appellant finally contends that the ALJ should have reopened the appellant's unappealed prior denial of benefits, which became final on reconsideration dated June 17, 1982. We have no jurisdiction to review alleged abuses of agency discretion in refusing to reopen claims for benefits. *Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir.1979).

For the foregoing reasons, the judgment of the district court is AFFIRMED.