**Billy D. UNDERWOOD,**
**Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

No. 86–1621.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1987.

Vernon Lewis, San Angelo, Tex., William K. Kimble, West Texas Legal Services, Fort Worth, Tex., for plaintiff-appellant.

Helen M. Eversberg, U.S. Atty., Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., Patrick A. Hudson, John M. Gough, Attys., Dallas, Tex., for defendant-appellee.

Before REAVLEY, POLITZ, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Billy D. Underwood appeals the denial of social security disability benefits. Agreeing with the district court that the administrative denial is supported by substantial evidence, and finding no error of law in the disposition of Underwood's claim, we affirm.

### Background

On this appeal we consider Underwood's fourth application for disability benefits, initially filed in 1978, claiming disability since 1971. Underwood has not worked since 1971. His past relevant work was carpenter and foreman. Since 1972 he has received disability benefits from the Veterans Administration.

The critical date for Underwood's claim is September 30, 1976, the day his social security insured status expired. He must establish disability as of that date. Underwood was then 49 years old. At the hearings he gave testimony and offered other evidence of a litany of medical problems: hypertension, cirrhosis of the liver, diabetes, arthritis, nephritis, back problems, and a nervous disorder. He testified that he could not sit or walk for long periods. He conceded that he could manage his personal needs and did housekeeping, gardening, shopping, and laundry tasks, and attended local sporting events. Vocational experts testified that Underwood had many skills and could perform available sedentary jobs such as security guard, parking lot attendant, assembly line worker, and bottle or clothing inspector.

After a hearing, an Administrative Law Judge determined that Underwood had not been disabled prior to September 30, 1976. This finding was accepted by the appeals council and judicial review was sought. The district court remanded for further proceedings. Following a hearing before a different ALJ, benefits were again denied and the appeals council agreed that in 1976 Underwood could perform sedentary work as defined in applicable regulations. Judicial review was again sought. This time the district court upheld the secretary and this appeal followed.

### Analysis

On review, an appellate court must uphold an administrative finding if it is legally correct and is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Milam v. Bowen*, 782 F.2d 1284 (5th Cir. 1986). Underwood advances four assignments of error. We find none persuasive.

Underwood first maintains that the ALJ and appeals council applied the wrong legal standard by classifying Underwood as a "younger individual." On the critical date for disability evaluation Underwood was ten months shy of being 50 years old. One 50 years of age is considered as a "person approaching advanced age." Underwood suggests that under the regulations, had he been classified as a "person approaching advanced age" he would have been considered disabled.

The regulations provide that in borderline cases, the age classifications should not be applied mechanically. 20 C.F.R. 404.1563(a) (1987). The Secretary is vested with considerable discretion in this application and we perceive no abuse of that discretion in the refusal to consider Underwood in the older category. Underwood's

only evidence that his "ability to adapt is less than the level established under the grids," *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984),[1] is a doctor's report suggesting that he had prematurely aged. The record contains other evidence that Underwood could perform a broad range of sedentary jobs.

Underwood next contends that the Secretary erred in applying the vocational "grids," 20 C.F.R. Part 404, Sub Part P, Appendix 2. The grids, applicable when a claimant's characteristics coincide with criteria in the rules, take administrative notice of the existence of jobs in the national economy that the claimant is able to perform. *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Underwood claims that the grids cannot apply to his case because he suffered certain non-exertional impairments, namely that he has to keep his legs raised for most of the day, that his back brace caused postural problems, and that his back pain caused tremulousness. The ALJ did not make supportive findings but, rather, credited a medical evaluation made in 1979 which concluded that Underwood could stand and walk for six hours of an eight-hour day, could perform other lifting, pulling, and pushing tasks, and could handle fine manipulation.

The record contains other medical evaluations indicating that Underwood's physical difficulties were controllable with medication and that his disorders did not preclude employment. And as above noted, vocational experts attested to available jobs within Underwood's functional capabilities.

Underwood next contends that the Secretary failed to give appropriate weight to a determination by the Veterans Administration that he was disabled. We require consideration of that factor. *Rodriguez v. Schweiker,* 640 F.2d 682 (5th Cir.1981). But the other agency's determination is not dispositive; the criteria applied by the two agencies vary. *See* 20 C.F.R. 404.1504. We find adequate consideration given.

Finally, Underwood maintains that the ALJ erred in finding that he had skills transferrable to sedentary work, a conclusion essential to the determination that he was not disabled. Underwood characterizes the relevant testimony as establishing that, at most, he could use some of the same tools used in his prior work. Our reading of the testimony of the vocational experts, however, persuades us that there was substantial evidence to support the ALJ's conclusion that Underwood had transferrable skills. The jobs available to Underwood would not involve all of the skills he gained as a carpenter, but many of those skills, including the ability to use a carpenter's tools, would be relevant to the available jobs.

Finding the Secretary's conclusion that Underwood was not disabled on September 30, 1976 supported by substantial evidence, and perceiving no error of law in the resolution of Underwood's disability claim, we AFFIRM.

---

**1.** We have neither adopted nor rejected *Reeves* and its narrower progeny in the Eleventh Circuit, *see Moon v. Bowen,* 810 F.2d 472 (5th Cir.1987), but even if we had, the Secretary's decision would remain within the parameters of his discretion.