IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50806
Summary Calendar
_____

MARGARET STANRIDGE-SALAZAR,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-964
--------------------
April 24, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Margaret Stanridge-Salazar appeals the affirmance of the Commissioner's denial of her application for disability insurance benefits. She argues: 1) that she was deprived of due process by the administrative law judge's ("ALJ") issuance of an amended decision without a supplemental hearing or opportunity to offer additional evidence and that the ALJ used the same evidentiary analysis for both her disability and widow's benefits claims; 2) that the ALJ used an incorrect standard of proof; 3) that the ALJ erred in "mechanically applying" guidelines for age and

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misstating her educational background; and 4) that the ALJ made flawed assessments of residual functional capacity ("RFC") and credibility.

"Appellate review of the [Commissioner's] denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990)(citation omitted); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). "`Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Villa, 895 F.2d at 1021-22 (citation omitted).

An ALJ has broad discretion under the applicable regulations to revise a decision. See 20 C.F.R. §§ 404.955, 404.987 et seq. There is no requirement for a supplemental hearing if the revision is based on evidence already in the record. See 20 C.F.R. § 404.992(d). There is no indication that the ALJ relied on any evidence outside of the previously submitted record in issuing the amended decision, therefore a supplemental hearing was not required. Her argument that the ALJ used the same evidentiary analysis for both types of claims apparently is based on the different relevant periods: her condition is relevant only through December 31, 1994 (the date last insured) for a Title II disability claim, while her condition through the date of the ALJ's decision is relevant to a widow's benefits claim. The ALJ did consider

2

Stanridge's medical condition after December 31, 1994; as one example, the ALJ's decision cited a diagnosis of leukemia from September 13, 1996. In addition, the record contains a significant amount of medical evidence from 1995 and 1996, and the ALJ included a finding in both decisions that "[t]he claimant has not been under a disability ... at any time through the date of this decision."

Stanridge next argues that the ALJ improperly used a "preponderance of the evidence" standard in evaluating her claim rather than "substantial evidence." The "substantial evidence" standard of review applies to appellate review of the Commissioner's determinations. See Villa, 895 F.2d at 1021-22. This includes any review by the Appeals Council. See 20 C.F.R. § 404.970(a)(3). However, Stanridge has failed to show that the correct burden of proof at the ALJ level is "substantial evidence," and she thus has failed to show error.

Stanridge argues that the ALJ erred by "mechanically applying" guidelines regarding age and in misstating her education as "high school equivalent." Age and education are relevant factors when evaluating disability under the medical vocational guidelines. See 20 C.F.R. §§ 404.1563, 404.1564; see also, 20 C.F.R., pt. 404, subpt. P, app. 2, tbls. Stanridge argues she was in a "borderline" situation and the age categories should not have been applied mechanically. However, "borderline" is not specifically defined either by statute or regulation, and this court has concluded that the absence of a definition indicates the Commissioner has significant discretion to determine when a situation is borderline.

3

See Harrell v. Bowen, 862 F.2d 471, 479 (5th Cir.1988); see also Underwood v. Bowen, 828 F.2d 1081, 1082 (5th Cir.1987) (Commissioner vested with considerable discretion in borderline situations). Other than the fact that Stanridge was approximately six months from her 55th birthday when the ALJ's decisions were issued (which would change her status from a person "approaching advance age" to a person of "advanced age"), she presents nothing to support her argument that the ALJ erred in finding her to be a person "approaching advanced age." Stanridge also argues that the ALJ erred in finding that she has a "high school equivalent" education level. She does not explain why she believes her educational level was improperly assessed; Stanridge testified that she had received a GED from a high school. The ALJ did not rely solely and "mechanically" on the medical vocational guidelines in making a disability assessment. Because the ALJ found that Stanridge had significant additional nonexertional limitations, the ALJ heard testimony from a vocational expert regarding the availability of jobs in both the local and national economies consistent with these limitations.

Stanridge makes various arguments related to the ALJ's credibility and RFC determinations. It is within the province of the ALJ to make credibility determinations concerning testimony at administrative hearings. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000). There also is substantial evidence to support the ALJ's credibility determination. The ALJ cited a number of objective medical tests which demonstrated only mild to moderate

4

changes in her physical condition, and our review of the medical records indicates that the majority of objective medical tests were negative or indicated only mild to moderate changes. Although the ALJ found she suffered from a number of severe medically determinable impairments, several of the conditions Stanridge complained of were either healed (ulcers), under control (diabetes), or not contributing to her symptoms and apparently not progressing (leukemia).

Stanridge argues that the ALJ relied in part on her description of her daily activities to assess her credibility and RFC. However, the ALJ may consider daily activities when deciding disability status, although they should not be dispositive. See Leggett v. Chater, 67 F.3d 558, 565 n.12 (5th Cir. 1995).

Stanridge argues that the ALJ did not properly evaluate her complaints of pain. A claimant has a duty to establish a "medically determinable impairment" that is capable of producing disabling pain. Ripley, 67 F.3d at 556. How much pain is disabling is a question for the ALJ, because the ALJ has primary responsibility for resolving conflicts in the evidence. See Carrier v. Sullivan, 944 F. 2d 243, 247 (5th Cir. 1991); Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991). The ALJ made a specific credibility finding regarding Stanridge's complaints of pain, and even found that one of her "severe medically determinable impairments" was myofascial pain syndrome. However, there is substantial evidence to support the ALJ's finding that Stanridge's pain was not disabling: most objective medical testing found only

mild to moderate degenerative changes, at least one physician opined that her symptoms were exaggerated, and the medical expert testified that her pain complaints were "out of proportion to the physical findings."

Stanridge also objects to the ALJ's assessment of her mental condition. The ALJ undertook a full and proper review under 20 C.F.R. § 404.1520a (evaluation of mental impairments). Although the ALJ concluded Stanridge had not met the criteria for presumptive disability based on mental condition, the ALJ gave her the "benefit of the doubt" and included various non-exertional limitations in evaluating her RFC.

Stanridge also objects that the ALJ rejected her testimony regarding medication side effects and her need to lie down during the day. There is substantial evidence to support the ALJ's finding: there are indications in the record that she denied side effects from her medications, and the ME testified that it was unlikely that the medications would cause the side effects described when they were used on chronic basis, as she does.

The ALJ relied on the testimony of both a medical and vocational expert in finding Stanridge not disabled. The ME testified that light work was appropriate based on Stanridge's medical history, and no physician has ever opined that Stanridge was disabled, including two who refused to do so even when requested. A finding of nondisability is supported when no physician of record has stated that a claimant is disabled. Vaughn v. Shalala, 58 F.3d 129, 131 (5th Cir. 1995). The ALJ also relied

on the VE's opinion that there were still significant jobs available even with the restrictions found. Thus, the ALJ's conclusion that Stanridge can perform relevant work was supported by substantial evidence.

Because Stanridge has failed to show that the Commissioner's decision was not based on the proper legal standards or that it was not supported by substantial evidence, the decision of the district court affirming the Commissioner's denial of benefits is AFFIRMED.