United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60331
Summary Calendar

MELVIN MIMS,

                                                    Petitioner,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

                                                    Respondent.

--------------------
On Petition for Review of an Order of the
U.S. Railroad Retirement Board
(A 436 88 0139)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Melvin Mims asks us to review a 2002 decision of the three-member Board that heads the Railroad Retirement Board (the "Board" or "government"), which dismissed Mims's administrative appeal from an earlier decision of his hearings officer. As the Board decision at issue was a refusal to reopen Mims's case for failure timely to appeal the underlying hearings officer decision, we have no jurisdiction to consider Mims's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Proceedings

Mims injured his back in 1984. In July 1992, he filed an application for a disability annuity under Section 2(a)(1)(v) of the Railroad Retirement Act (the "Act"),[1] asserting that he was disabled for all work. He also applied for a "period of disability" and early Medicare coverage under applicable sections of the Social Security Act. When these applications were denied, Mims pursued his administrative remedies, requesting reconsideration and eventually filing an appeal to the Board itself. The Board found that Mims was not totally disabled, a decision that Mims did not appeal to this court.[2]

Years later, in July 1998, Mims filed a second application for a disability annuity, and in a letter dated October 20th, 1998, the Board's Director of Operations notified him that this application was denied. Mims requested reconsideration, and was informed by letter dated December 10th, 1998, that his request had been denied. Mims timely appealed that denial, and the hearings officer in his case reversed the reconsideration determination in part and affirmed it in part. In a decision issued August 30, 1999, the hearing officer found that Mims was disabled from all work

---

[1] Codified at 45 U.S.C. § 231a(a)(1)(v).

[2] Mims did attempt to litigate in the United States District Court for the Western District of Louisiana, but his case was dismissed for lack of subject matter jurisdiction. See Melvin Mims v. Railroad Retirement Board, No. 96-1261 (W.D. La., Aug. 15, 1996).

effective January 1, 1997, and that he was entitled to a monthly disability annuity under the Railroad Retirement Act. The hearing officer also determined, however, that Mims was ineligible for a "period of disability" under the Social Security Act.

Mims was informed of that decision by a letter that was also dated August 30, 1999. Then, by letter dated September 3, 1999, the Office of Programs Operations notified Mims of his initial, partial, annuity rate and initial retroactive payment. And in a letter dated October 1, 1999, the Board's Director of Operations informed Mims of his final annuity amount and also of his second retroactive payment.

On October 29, 2001, Mims appealed the hearing officer's August 1999 decision. Mims claimed that he should have received payments retroactive to 1984, the year of his first disability application. He also asserted that his annuity payment should be increased to account for his (formerly) minor children. The Board informed Mims by letter dated May 10th, 2002, that his appeal was dismissed as untimely, and this appeal followed.

## II. Analysis: Jurisdiction

45 U.S.C. § 231g gives us jurisdiction to review decisions of the Board concerning the "rights or liabilities of any person under [the Railroad Retirement Act]."[3]

A. Timeliness

_____

[3] 45 U.S.C. § 231g.

Because Mims's Petition for Review was filed within one year after May 10th, 2002, the date of the decision at issue, it is timely under 45 U.S.C. § 231g.

B. Subject Matter Jurisdiction

1. The Board's Contentions

In addition to mandating a one-year appellate time frame, 45 U.S.C. § 231g incorporates by reference the appeals provisions of the Railroad Unemployment Retirement Act (codified at 45 U.S.C. § 355(f))[4]:

> Decisions of the Board ... shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act ....[5]

As § 355(f) allows for appellate review by the court of appeals for the circuit in which the appellant resides, and Mims resides in the Fifth Circuit, the Board concedes that appeal to this court would be proper if Mims has the right to appeal this issue. The Board argues, however, that what Mims seeks to have reviewed — a Board refusal to reopen a prior denial of his claim — is not an appealable "final decision" of the Board as that phrase is used in 45 U.S.C. § 355.

---

[4] This is true with the exception of the 90-day appellate time frame contained in § 355, as § 231g specifies the one-year limit already noted.

[5] 45 U.S.C. § 231g.

45 U.S.C. § 355(f), which governs this appeal, dictates that a claimant "aggrieved by a final decision under subsection (c) of this section" may seek appellate review of that decision "only after all administrative remedies within the Board ... have been availed of and exhausted ..."[6] Subsection (c), in turn, sets out the administrative review process for these types of claims. Paragraph(1) of that subsection provides "an opportunity for a fair hearing,"[7] and paragraph(2) authorizes appeals to the Board, noting that "[t]he Board shall prescribe regulations governing the appeals provided for in this paragraph."[8] Paragraph (5) then allows for appellate review "in the manner provided in subsection (f) of this section."[9]

In the instant case, the government contends that Mims failed to follow the regulations established by the Board — promulgated under the authority of § 355(c)(2) — which require appeals of hearing officer decisions to be filed within 60 days.[10] As a result, according to the government (given that the Board found no

---

[6] 45 U.S.C. § 355(f).

[7] 45 U.S.C. § 355(c)(1).

[8] 45 U.S.C. § 355(c)(2).

[9] 45 U.S.C. § 355(c)(5).

[10] 20 C.F.R. 260.9(b) specifies that "[f]inal appeal from a decision of a hearings officer .... must be filed with the Board within 60 days." 20 C.F.R. 260.9(c) allows that the Board "may waive" the time requirement of paragraph (b) if "in the judgment of the Board the reasons given establish that the appellant had good cause" for his failure to timely appeal.

"good cause" excusing the delay), the hearings officer's decision became "final" and yet unappealable in this court because Mims did not first appeal that decision administratively to the Board itself. The government argues that Mims's failure to take that final administrative step means that he did not avail himself of all administrative remedies before bringing his petition for review to this court, as required by 45 U.S.C. § 355(f). The government contends that the denial of Mims's request to reopen his case —— not a decision on the merits —— is thus not an appealable final decision as that phrase is used in 45 U.S.C. § 355. According to the government, the only appealable final decision in Mims's case would have been a final Board decision on his appeal, had he followed the administrative appeals process to completion. Having failed to do so, he deprived himself of the authority to appeal to us.

2. Applicable Case Law

In <u>Roberts v. United States Railroad Retirement Board</u>,[11] we considered whether, under the Railroad Retirement Act, we have jurisdiction to review a refusal to reopen a closed case, and held that we do not. The concerns discussed in <u>Roberts</u> are present in the instant case, just as they are when petitioners seek review of refusals to reopen closed cases under the Social Security Act:[12] If

---

[11] 2003 U.S. App. LEXIS 18908 (Sept. 11, 2003).

[12] <u>See</u> <u>Moon v. Bowen</u>, 810 F.2d 472 (5th Cir. 1987); <u>Harper v. Bowen</u>, 813 F.2d 737 (5th Cir. 1987); <u>Thibodeaux v. Bowen</u>, 819 F.2d

6

we were to sanction appeals of refusals to reopen closed cases, we would undermine the ability of Congress to authorize the Board to fashion meaningful regulations concerning the administrative appeals process. As we noted in Harper v. Bowen, "[i]f courts were able to review denials of requests to reopen long dormant claims, a claimant could 'frustrate the congressional purpose ... to impose a 60-day limitation upon judicial review of the Secretary's final decision ....'"[13] If we were to allow Mims to appeal in the instant case, we would render meaningless both the 60-day limitation on administrative appeals and § 355(f)'s exhaustion requirement.

Although we are sympathetic to pro se litigants navigating unfamiliar legal waters, it is clear in this case that Mims slept on his right of appeal. Although Mims states that he did not appeal immediately because the Board was still endeavoring to determine the proper amount of his annuity payments,[14] the October 1st, 1999, letter informing him of his final annuity amount and additional retroactive payment of $9,487 clearly states that any request for reconsideration and appeal "must be received by the

_____

76 (5th Cir. 1987).

[13] 813 F.2d 737, 741 (5th Cir. 1987)(quoting Califano v. Sanders, 430 U.S. 99, 108 (1977)).

[14] As support, Mims notes that the September 3rd, 1999, letter discusses only a partial annuity rate and indicates that computation of the actual monthly rate "may possibly take 90 days or more." His reliance on that language is misplaced, however, as he received notice of a final annuity rate (and a retroactive payment of almost ten thousand dollars) within one month following that letter, but still failed to appeal.

Railroad Retirement Board WITHIN 60 DAYS from the date of this notice." Mims did not act within that time; in fact, it appears from the record that he did not raise any concerns about his annuity award until an April 2000 phone call. Furthermore, he must have been aware of the 60-day time limitation because he had appealed numerous prior decisions in his case, and much of the correspondence sent to him —— including letters in October and December 1998 —— specified that limitation. Even though these facts do not affect our jurisdictional analysis, we note them now to demonstrate that, even as a pro se layman, Mims had ample notice and opportunity to avoid the jurisdictional bar he now faces.

### III. Conclusion

Mims failed timely to appeal the hearings officer decision in his case. As the Board decision of which he now seeks review is a decision not to reopen his case, we have no jurisdiction to consider his petition. For lack of jurisdiction, Mims's petition for review is

DISMISSED.

8