Michelle D. HARPER, a minor, by her mother and next friend, Easter HARPER, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.

No. 85–4896.

United States Court of Appeals, Fifth Circuit.

April 7, 1987.

L. Paul Kossman, Kossman & Kossman, Cleveland, Miss., for plaintiff-appellant.

---

Gabriel E. DePass, Baltimore, Md., Robert Q. Whitwell, Thomas W. Dawson, Asst. U.S. Attys., Oxford, Miss., for defendant-appellee.

Before THORNBERRY, DAVIS and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

In this appeal Michelle Harper (Harper) challenges the district court's dismissal for lack of subject matter jurisdiction of her claim for disability benefits under the Social Security Act. The district court dismissed the case because Harper had failed to timely exhaust the available remedies under the Social Security Act and the applicable regulations. Because Harper did not obtain a final decision from the Social Security Administration that would allow judicial review, we affirm the district court's dismissal of her complaint.

I.

Harper was born with the lower part of her right leg missing (a tibial hemimelia). Because of this disability, in April 1980 she was found to be eligible for Supplemental Security Income (SSI). On May 23, 1983, Harper underwent a Continuing Disability Interview at which it was determined that her disability would cease in August 1983. A notice of such planned action was sent to her mother, Easter Harper (Mrs. Harper), and subsequently on August 17 she filed a request for a hearing to contest the ruling. On March 13, 1984, following the hearing, an administrative law judge (ALJ) found that Harper's disability had ceased in August 1983 because of her ability to walk satisfactorily with a prosthesis and to engage in activities appropriate for children of her age with her disability.

On April 6, 1984, Mrs. Harper went to the Cleveland, Mississippi, office of the Social Security Administration (SSA) to file a request for a review of the ALJ's decision by the Appeals Council. The events occurring at the office are disputed. Mrs. Harper claims that she was not permitted to file the request because the office would only allow the request to be filed by her legal representative. The SSA claims representative alleges that Mrs. Harper came to the office on April 16 and asked for an appeal form but would not sign any statement requesting assistance.

The Department of Health and Human Services announced on April 13 a moratorium on continuing or restoring benefits in continuing disability review investigation cases where a final decision had not yet been made. A paralegal from the North Mississippi Rural Legal Services assisting Harper believed that the moratorium applied to her case, and therefore they did not file an appeal of the ALJ's decision.

On June 18, 1984, after discovering that the moratorium did not apply to her case, Harper appealed the ALJ's decision to the Appeals Council. On June 25 she was notified that her request for review of the ALJ's decision was not within the required 60–day period and was therefore untimely but was given an opportunity in which to present evidence showing "good cause" for the late filing. Harper's legal representative argued that good cause existed for three reasons: (1) because of Mrs. Harper's initial attempt to file an appeal on April 6, 1984, and the claims representative's refusal to allow her to do so at that time, (2) the claims representative not telling them that Harper's case was not covered by the moratorium until after the appeal time expired, and (3) that Harper's case should have been protected by the moratorium. On December 7 the Appeals Council ruled that Harper had not shown good cause for filing an untimely appeal of the ALJ's decision.

On February 22, 1985, after receiving leave to proceed in forma pauperis, Harper filed an action seeking judicial review of the denial of her request for an extension of time. A magistrate recommended dismissal for lack of jurisdiction based on the failure to timely exhaust the available remedies of the SSA. Harper objected to the

recommendation. The district court, however, adopted it and dismissed the case.

## II.

The basic question involved in this appeal is whether the district court has subject matter jurisdiction to consider Harper's appeal. Jurisdiction for judicial review of an Appeals Council decision is provided for by Title II of the Social Security Act, section 205(g):

> Any individual, *after any final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added). Judicial review is limited by section 205(h) to the procedures set forth in the Act. 42 U.S.C. § 405(h). Thus, whether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the Secretary of Health and Human Services (the Secretary) under section 205(g).

The Secretary has established a regulatory system for administrative review, leading up to a final decision that may then be appealed to the district court. The process is begun when an individual files a claim with the SSA for benefits. This claim is either granted or denied, creating an initial determination. *See* 20 C.F.R. §§ 416.1404 to 416.1405. Next, the claimant must file a request for and receive a reconsideration. *See generally* 20 C.F.R. §§ 416.1407 to 416.1422. The Secretary reviews the claim again, and then issues a reconsidered determination. 20 C.F.R. § 416.1420. After obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ. *See generally* 20 C.F.R. §§ 416.1429 to 416.1468. If the claimant objects to the subsequent decision, he or she may appeal the ALJ's determination to the Appeals Council. *See generally* 20 C.F.R. §§ 416.1467 to 416.1483. The decision rendered at the initial, reconsideration, and ALJ stage is binding on the claimant unless further administrative review with the Appeals Council is sought within 60 days. These four steps exhaust the claimant's administrative remedies.

Following this exhaustion of the administrative remedies with a final decision being rendered by the Appeals Council, judicial review may be sought in the district court. 20 C.F.R. §§ 416.1400 and 416.1481. *See also Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed. 192, 201 (1977) ("Section 205(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' "). Although a decision rendered on a claim at each stage of the proceedings is final and binding on the parties unless they proceed to the next step in the process, the regulatory scheme provides that a "final decision" allowing judicial appeal is rendered by the Secretary for the purposes of section 205(g) of the Social Security Act when the Appeals Council either reviews or denies review of the ALJ's decision. *See* 20 C.F.R. §§ 416.1405, 416.-1421, 416.1455, 416.1481. After such a "final decision," the claimant has 60 days in which to file for judicial review of the decision or else it is binding. 20 C.F.R. § 416.1481.

Thus, the regulations provide for district court review only when the Appeals Council has reviewed or denied a request for review. However, if the Appeals Council *dismisses* the request for it to review for untimeliness, such "dismissal ... is binding and not subject to further review." 20 C.F.R. § 416.1472. The Appeals Council does have the discretion, however, to grant an extension of time to seek review; extension will be granted if the claimant can show good cause for missing the deadline for review. 20 C.F.R. § 416.1468(b). The regulations provide that the denial of a request for an extension is not subject to judicial review. *See* 20 C.F.R. § 416.-1403(a)(8).

In this case, Harper did not submit a request for review to the Appeals Council within 60 days of the ALJ's decision. Al-

though the Appeals Council dismissed the request for review because it was untimely, it did give Harper an opportunity to show good cause for the late filing. After examining her response, however, the Appeals Council held that good cause did not exist and dismissed the appeal. The Secretary argues, therefore, that since there was only a dismissal and not a review or a denial of review, Harper never obtained a final decision that is subject to review by the district court pursuant to section 205(g).

Harper argues that the dismissal of her case by the district court should be reversed based on *Langford v. Flemming*, 276 F.2d 215 (5th Cir.1960), and the Eleventh Circuit's application of *Langford* in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir.1983). The Secretary responds that the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), has implicitly overruled *Langford*.[1]

To resolve this issue, we first examine the relevant cases. In *Langford* after an ALJ denied Langford's claim, she filed an appeal with the Appeals Council, although it was late. The Appeals Council dismissed her appeal as untimely. Langford subsequently appealed her claim to the district court, which dismissed it for lack of jurisdiction. This court reversed, holding that the Appeals Council's decision not to grant an extension of time in which to appeal the ALJ decision was a final decision of the Secretary and was appealable under section 205(g). *Langford*, 276 F.2d at 218. The basis for finding a "final decision" was that by refusing to extend time and review the merits, all administrative steps prescribed by statute and regulation were exhausted. *Id.* Langford had "pursued every avenue," which culminated in the Appeals Council exercising its discretion in reviewing whether there was good cause for the delay. *Id.* This was the final decision.

Two Supreme Court opinions following *Langford* helped establish some guidelines as to the standard of judicial review of a fi-

nal decision of the Secretary. In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court, in discussing the "final decision" requirement that is necessary before an agency decision can be appealed to the district court, observed that:

> The requirement [of a final decision] is ... something more than simply a codification of the judicially developed doctrine of exhaustion.... The term "final decision" is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation. The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.

*Id.* at 766, 95 S.Ct. at 2467, 45 L.Ed.2d at 539. Thus, the Secretary has the authority to promulgate those regulations she deems advisable dealing with exhaustion, and they must be met prior to a claimant exhausting his administrative remedies. Once a claimant meets these requirements, there is a final decision.

It is the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), that the Secretary argues overrules *Langford*. In *Sanders* the claimant's application for disability benefits was denied by the Appeals Council, and he was advised of his right to obtain judicial review within 60 days. Seven years later he responded by asking the Appeals Council to reopen his claim for good cause. When it refused to do so, Sanders sought judicial review, which was denied by the district court.

The Supreme Court held that the district court did not have jurisdiction because section 405(g) "clearly limit[ed] judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing,'" *id.* at 108, 97 S.Ct. at 986, 51 L.Ed.2d at 201, and a denial of a request to reopen was not such a decision. *Id.* at

---

1. Ordinarily, *Langford* would control our decision in this case. However, we must follow the dictates of the Supreme Court, and determine whether any Supreme Court decisions have ef-

fectively overturned our precedent. *See United States v. Contreras*, 667 F.2d 976, 979 (11th Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982).

107–08, 97 S.Ct. at 985–86, 51 L.Ed.2d at 201. The Court gave two reasons for this interpretation: (1) by authorizing judicial review of a final decision made after a hearing, section 405(g) referred to decisions where a hearing was mandatory, not discretionary, *id.;* and (2) if courts were able to review denials of requests to reopen long dormant claims, a claimant could "frustrate the congressional purpose ... to impose a 60–day limitation upon judicial review of the Secretary's final decision.... Congress' determination ... is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Id.* at 108, 97 S.Ct. at 986, 51 L.Ed.2d at 201.

Harper argues that *Langford* requires that we allow judicial review of the Secretary's benefits determination. In both *Langford* and the present case the Appeals Council declined to hear an appeal because it was untimely. This court stated in *Langford* that such a decision was final, and consequently appealable. Therefore, if we follow *Langford,* Harper's claim would be subject to judicial review. Our task, then, is to determine whether *Sanders* overrules *Langford,* or whether *Sanders* is inapplicable.

Harper argues that we should adopt the Eleventh Circuit's position in this matter and hold that *Sanders* has not overruled *Langford.* The Eleventh Circuit has considered this issue in *Bloodsworth,* distinguishing *Sanders* and determining that *Langford* had not been overruled. In *Bloodsworth* a request for Appeals Council review was dismissed because of untimeliness. The district court denied the claimant's request for judicial review. The Eleventh Circuit reversed the district court. The court began its analysis by noting that *Sanders* dealt with the propriety of judicial review of a denial of a request to reopen a case, not judicial review of a decision by the Appeals Council not to hear an untimely appeal. *Bloodsworth,* 703 F.2d at 1236. The Secretary, however, argued that the two situations were equivalent. The court disagreed because "review and reopening

play fundamentally different roles in the process of administrative decision making and have significantly different effects upon the finality of administrative decisions." *Id.* at 1237.

Additionally, the *Bloodsworth* court noted that regarding the right to a judicial appeal, there was no statutory nor regulatory distinction between a dismissal and a determination on the merits by the Appeals Council. "Both are equally final and both trigger a right to review by the district court.... By 20 C.F.R. §§ 404.972 and 404.981 [2] [relating to dismissal and a decision on the merits, respectively], an Appeals Council review determination, on whatever grounds, is perceived as the appropriately 'final decision' from which to take an appeal to the district court under section 405(g)." *Id.* The court reasoned that the final decision requirement was not synomymous with complete exhaustion, citing *Salfi.* Rather, the court believed that it should be understood in conjunction with the regulatory structure and the policies behind the requirement, *Bloodsworth,* 703 F.2d at 1237, which allow for judicial review. *Id.* at 1238.

Finally, the *Bloodsworth* court reasoned that the reopening of a case is an extraordinary measure, affording a second opportunity through the decision making process— "a bonus opportunity"—that is subject to a greater degree of judicial deference than is appropriate where judicial review exists as a matter of statutory right. *Id.* at 1238. If appeal to the district court were not allowed, the court felt a claimant would be left permanently in limbo. *Id.* at 1239.

We do not agree with the Eleventh Circuit's decision in *Bloodsworth.* First, while the court's statement that "reopening" and "review" play different roles in the administrative process may be true, the issue involved in both instances is whether a claimant can appeal to the district court the denial by the Appeals Council to hear an untimely request for review—not the role each procedure plays. The basic issue is timeliness and the Appeals Council's finding of lack of good cause for untimeli-

2. These regulations now appear at 20 C.F.R. §§ 416.1472 and 416.1481.

ness. That issue was a concern of the Supreme Court in *Sanders. See Sanders,* 430 U.S. at 108, 97 S.Ct. at 986, 51 L.Ed.2d at 201 ("an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose ... to impose a 60–day limitation upon judicial review"). The two situations, while not equivalent, involve a similar issue.

Also, the *Bloodsworth* court concluded that there was no difference between a dismissal under 20 C.F.R. § 416.1472 and a decision to review or deny review under 20 C.F.R. § 416.1481. *See Bloodsworth,* 703 F.2d at 1237 ("Neither the statute nor the regulations make any distinction in regard to rights of judicial appeal between dismissals and determinations on the merits by the Appeals Council. Both are equally final and both trigger a right to review by the district court."). This position is not entirely correct. Section 416.1481 expressly provides that the decision "is binding unless you or another party file an action in Federal district court." Section 416.1472 states that "[t]he dismissal of a request for Appeals Council review [for untimeliness] is binding and not subject to further review." Thus, one section provides for judicial review while the other section prohibits it. Even if a claimant were to request an extension of time to file an appeal under 20 C.F.R. § 416.1468(b) and it were dismissed, there still would be no judicial review afforded by the regulations. *See* 20 C.F.R. § 416.1403(a)(8) (denying a request to extend the time period for requesting review of a determination or decision is not subject to judicial review). Therefore, the *Bloodsworth* court's conclusion that the two situations are the same is not accurate. There is a difference in the regulations between a dismissal and a decision on the merits.

The *Bloodsworth* court also believed that the claimant had exhausted a sufficient number of administrative remedies to justify the bringing of a judicial appeal. We disagree. When there is a specific regulatory scheme providing four steps, which the Supreme Court has stated must be exhausted before the district court has jur-

isdiction, *see Salfi,* a claimant must exhaust all of them and cannot be allowed to omit the last one.

Finally, the *Bloodsworth* court considered a reopening of a claim to be a "bonus opportunity" because it gives the claimant a second chance. Again this distinction seems unwarranted. As the Eighth Circuit has pointed out: "Untimely requests will be heard by the Appeals Council only if it deems extending the filing deadline is warranted by 'good cause.' Thus, the Appeals Council's discretionary action in hearing an untimely request for review is as much a 'bonus opportunity' as is reopening." *Smith v. Heckler,* 761 F.2d 516, 519 (8th Cir.1985).

The Eleventh Circuit's concern that denial of judicial review would "leave a claimant permanently in limbo," *Bloodsworth,* 703 F.2d at 1239, may be true, but that is true with many jurisdictional time limits— if a claim is not timely brought, a party is going to remain in limbo.

While we are not bound by other circuit courts' decisions, we are persuaded by the numerous decisions of other circuit courts that have rejected *Bloodsworth* or its rationale and have held that *Sanders* precludes judicial review of an administrative decision not to extend the time limit. *See, e.g., Smith,* 761 F.2d at 518–19 (8th Cir.1985) (Appeals Council's decision not to consider untimely request for review not "final" decision under § 405(g), thus precluding judicial review, explicitly rejecting *Bloodsworth* ); *White v. Schweiker,* 725 F.2d 91 (10th Cir.1984) (denial of extension of time to request ALJ hearing not subject to judicial review); *Penner v. Schweiker,* 701 F.2d 256 (3d Cir.1983) (Secretary's denial of extension of time to request hearing not subject to judicial review under § 405(g), but holding that district court had jurisdiction to consider due process challenge based on ineffective notice of the Secretary's determination); *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983) (refusal by Appeals Council to enlarge time for its review not subject to judicial review); *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980) (denial of motion to extend time to request

hearing before ALJ not subject to judicial review); *Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980) (refusal of Appeals Council to extend 60–day filing period for appeal to district court was not final decision under *Sanders,* distinguishing *Langford* ); *Sheehan v. Secretary of HEW,* 593 F.2d 323 (8th Cir.1979) (Appeals Council's decision denying review of late application not subject to judicial review); *see also Sullivan v. Heckler,* 602 F.Supp. 85 (D.Md.1985) (Appeals Council decision denying review of late application not subject to judicial review; explicitly rejecting *Bloodsworth* ); *Burbage v. Schweiker,* 559 F.Supp. 1371 (N.D.Cal.1983) (ALJ's denial of request for extension of time not subject to judicial review).

Moreover, we believe that this circuit has already implicitly overruled *Langford.* In *Green v. Heckler,* 742 F.2d 237 (5th Cir. 1984), we held that the discretionary dismissal of a claimant's request for emergency advance SSI payments without a hearing is a matter committed to the Secretary's unreviewable discretion. *Id.* at 239. The basis for the conclusion was that the applicable regulation provided that emergency cash advances were not an initial determination subject to judicial review. 20 C.F.R. § 416.1403(a)(2). This court held that since the Supreme Court in *Sanders* recognized that not all decisions by the Secretary under the SSA are subject to judicial review, and that both the SSA (section 205(g)) and its regulations (20 C.F.R. § 416.1403(a)(2)) prohibit judicial review, the district court lacked jurisdiction to hear the claim. *Green,* 742 F.2d at 239–40.

■ The present case involves a similar regulation. Judicial review of the denial of a request to extend the time period for requesting review of a determination is prohibited by 20 C.F.R. § 416.1403(a)(8). Since *Green* recognized that the same regulation, 20 C.F.R. § 416.1403(a), in conjunction with *Sanders,* prohibited judicial review, it follows that judicial review is also prohibited in the present case. Therefore, it appears that this circuit has already adopted *Sanders'* rationale that where the regulations prohibit it, there is no judicial review. This position implicitly overrules *Langford.*

■ Thus, we must apply the rules articulated in *Sanders* and *Salfi* to the Harper's case. First, the present case is very similar to the situation involved in *Sanders* where judicial review was denied. *Sanders* held that a hearing must be "required," not just optional, before a judicial appeal is available. Here, the Appeals Council's decision to hear an untimely request for review is optional depending upon whether it believes good cause has been shown. *See* 20 C.F.R. § 416.1468(b). Also, as in *Sanders,* the same policy of imposing a 60–day limit on judicial review to forestall belated litigation would be frustrated.

Also, under *Salfi,* Harper must meet the requirements specified by the Secretary for exhaustion. The last requirement in order to have exhaustion of administrative remedies is a timely appeal to the Appeals Council. This requirement was not met. Instead, Harper's request for review by the Appeals Council was dismissed as untimely. *See* 20 C.F.R. § 416.1471. This dismissal is not subject to review, see 20 C.F.R. § 416.1472, because there was no "final decision" by the Appeals Council. *Cf.* 20 C.F.R. § 416.1400(a)(4) & (5). Since Harper never had the Appeals Council review the decision of the ALJ, she did not exhaust her administrative remedies, which would have allowed judicial review. *Sanders* and *Salfi* and the Secretary's regulatory scheme, therefore, require us to find that the district court did not have subject matter jurisdiction.

### III.

For the foregoing reasons, the district court's judgment is AFFIRMED.