*United States v. Sapp,* 641 F.2d 182, 184–185 (4th Cir.1981) (Emphasis added).

■ The immunity of the trustee is not absolute. As *Sapp* illustrates, if a trustee is acting under the direct orders of the court, there is immunity. In the absence of an explicit court order, however, a factual issue may arise regarding whether the trustee has acted within her authority. In the case at hand, there exists a serious factual question as to whether the trustee negligently failed to carry out her obligation to reduce the assets of the estate to money as expeditiously as was compatible with the best interests of the parties as required by 11 U.S.C.A. § 704(1). Clearly, had the trustee acted more promptly, the sale of the dairy farm would have provided sufficient funds to pay the debtors' mortgages. While the allegedly unauthorized removal of the milking and feeding equipment by the other secured creditors may mitigate against the ultimate finding of liability against the trustee, there are certainly genuine issues of material fact which are in dispute. Therefore, summary judgment was improper under Fed.R.Civ.P. 56(c). This case is therefore remanded to the bankruptcy court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

**Patrick Joseph THIBODEAUX, by his mother and next friend, Elsie Simien THIBODEAUX, and Elsie Simien Thibodeaux, Plaintiffs-Appellants,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–4760**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 29, 1987.

Bobbie Ross, Southwest LA Legal Services, Inc., Lake Charles, La., for plaintiffs-appellants.

Patrick A. Hudson, Dallas, Tex., Stanley Ericsson, Atty., Baltimore, Md., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Patrick Thibodeaux, a minor when this suit commenced, and his mother Elsie appeal the district court's dismissal of their claims for benefits under the Social Security Act. The district court held that it lacked jurisdiction of the suit and that the claims and issues were precluded by previous litigation in any event. We affirm.

I

Construed most favorably to appellants, the alleged facts are as follows: On February 5, 1968, Wilmon Thibodeaux applied for disability insurance benefits for himself, for mother's insurance benefits for his wife Elsie, and for children's insurance benefits for his seven minor children. On June 14, 1968, the applications were denied because Wilmon had not established disability. Wilmon filed a timely request for reconsideration, which was denied July 16, 1968. On October 12, 1968, Wilmon Thibodeaux died.

On October 24, 1968, Elsie Thibodeaux, allegedly on the erroneous instruction of the local social security office, applied for survivor's insurance benefits and surviving children's benefits. The claims were denied on December 11, 1968, because Wilmon was not entitled to benefits when he died. On January 16, 1969, the period expired in which Elsie Thibodeaux could have appealed the July 16, 1968, denial of Wilmon's request for reconsideration of his applications.

Over ten years later, on August 3, 1979, Elsie Thibodeaux, now represented by counsel, requested a reopening of Wilmon's claims and requested a hearing on the denial of reconsideration dated July 16, 1968. An Administrative Law Judge denied the request because it was not timely. On February 1, 1980, the Appeals Council denied a request to review the ALJ's decision. On March 10, 1980, the Appeals Council examined the evidence in favor of reopening and affirmed its previous decision to deny reopening the claims. On July 18, 1980, the Appeals Council examined additional evidence and again determined not to reopen Wilmon's claims.

Judicial proceedings began July 8, 1981, when Elsie Thibodeaux, for herself and her children, sought review in federal district court of the Secretary's denial of the request to reopen the claims Wilmon had filed. The district court dismissed the action on January 21, 1982, because it lacked jurisdiction to review the denial of a request for reopening. *See Thibodeaux v. Schweiker*, No. 81–1205, slip op. (W.D.La. Jan. 22, 1982) (unpublished). On April 12, 1982, the district court denied Thibodeaux's request for a new trial because it lacked jurisdiction and because the plaintiffs had not pleaded nor timely raised any allegations of constitutional violations. *See Thibodeaux v. Schweiker*, No. 81–1205, slip op. (W.D.La. Apr. 12, 1982) (unpublished). Thibodeaux did not appeal the district court's decision.

On March 29, 1983, Thibodeaux once again filed claims for mother's insurance benefits and children's insurance benefits. The Secretary denied the claims on the basis of res judicata on August 3, 1983, and denied reconsideration on December 23, 1983. Thibodeaux requested and received a hearing before an ALJ to challenge the applicability of res judicata. In the hearing, Thibodeaux submitted evidence allegedly establishing the Secretary's improprieties that deprived her of an appeal in 1968 of Wilmon's claims, as well as establishing that her mental condition prevented her from understanding and pursuing her administrative remedies in a timely fashion. The ALJ denied the claims on the basis of res judicata and refused to reopen Wilmon's application process. On January 19, 1985, the Appeals Council denied Thibodeaux's timely request for review.

On March 27, 1985, sixty-seven days after the decision of the Appeals Council, Thibodeaux filed in forma pauperis, on behalf of herself and one minor child, a civil complaint against the Secretary in federal district court. The complaint sought review of the Secretary's determination not to reopen and review Wilmon's applications. The complaint also alleged that the Secretary had deprived Thibodeaux and her child of rights secured by the fifth and fourteenth amendments, in violation of 42 U.S.C. § 1983. Specifically, plaintiffs claimed that administration personnel deliberately misinformed or did not inform Thibodeaux about Wilmon's claims, causing her not to appeal the decisions regarding those claims. Further, plaintiffs claimed that the Secretary denied Thibodeaux due process by refusing to reopen those claims because of her mental condition.

The Secretary moved to dismiss the pleadings on the grounds that the district court lacked jurisdiction and that the claims were barred as res judicata. On the recommendation of a magistrate, the district court agreed and dismissed the suit on September 18, 1986. This appeal followed.

## II

The Social Security Act, Title II, § 205(g), provides for a federal court's jurisdiction to review the Secretary's decision:

> Any individual, *after any final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added). The district court dismissed Thibodeaux's complaint because it was not timely filed and because the Secretary's decision not to reopen is not a "final decision ... made after a hearing." It also held that Thibodeaux's constitutional claims were barred as res judicata.

### A

■ Section 205(g) of the Act requires a person seeking judicial review of the Secretary's decision to file her complaint within sixty days after notice of the decision. The time requirement is a statute of limitation, not a jurisdictional bar, and may be waived. *Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir.1985). The magistrate found that Thibodeaux filed the complaint on March 27, 1985, sixty-seven days after the Secretary's latest decision. Thibodeaux asserts in her brief that the court actually received the complaint on March 25, 1985, sixty days after Thibodeaux is presumed to have received notice of the decision.[1] Thus, she asserts the complaint was timely filed.

■ Thibodeaux may not now challenge the magistrate's findings about the filing date because she did not specifically object to those findings to the district court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982). In any event, the stamp of the clerk of the court plainly shows that the complaint was filed March 27, 1985. Because the complaint was not timely filed and because the Secretary did not waive compliance with the time limitation, the district court correctly dismissed the action to review the Secretary's decision.

### B

■ Even were the action timely filed, the Secretary's decision was not a "final decision ... made after a hearing," and thus was not subject to judicial review. Thibodeaux argues that the decision of the Appeals Council was a reviewable decision because the ALJ effectively reopened the entire application and reconsidered the merits of the case.

Thibodeaux "must allege in [her] pleadings the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The complaint does not suggest that the Secretary reopened Wilmon's application and reconsidered it on the merits. Rather, the complaint specifically states that the Secretary determined "not to reopen the case." Furthermore, the ALJ's order, in the record as an attachment to Plaintiff's Motion to Set Aside Judgment, plainly states that it is an "Order of Dismissal" and that the "case is being heard solely for the purpose of determining if there is any reason why claimant's March 29, 1983[,] applications on her behalf and on behalf of her children should not be dismissed on the basis of res judicata." Thus, on the pleadings and in fact, the decision for which Thibodeaux filed suit was only a denial of a request to reopen.

In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court determined that section 205(g)

---

1. According to the Secretary's regulations, "the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice." 20 C.F.R. 422.210(c). Thus, Thibodeaux presumably received notice on January 24, 1985.

of the Social Security Act "does not afford subject-matter jurisdiction" of cases seeking judicial review of the Secretary's denial of a petition to reopen when the challenge is not on constitutional grounds. *Id.* at 109, 97 S.Ct. at 986. We have elsewhere noted that "[t]he decision [in *Sanders* ] ... suggests jurisdiction does not exist unless the Secretary conducted a new hearing on the petition to reopen. Because this case does not properly raise the question, however, we leave the task of answering it to another day." *Triplett v. Heckler,* 767 F.2d 210, 213 n. 3 (5th Cir.1985).

That Thibodeaux received a hearing on her petition to reopen does not convert the denial of her request for a hearing on the merits of her claim into a reviewable decision. In *Harper v. Bowen,* 813 F.2d 737, (1987), we held that the district court did not have jurisdiction to review the Appeals Council's denial of an untimely request for review, even though the Appeals Council gave the claimant an opportunity to show good cause for the late filing. *Id.* at 743. We noted that *Sanders* rested on two principles: (1) section 205(g) referred to decisions in which a hearing is "mandatory, not discretionary"; and (2) "if courts were able to review denials of requests to reopen long dormant claims, a claimant could 'frustrate the congressional purpose ... to impose a 60–day limitation upon judicial review of the Secretary's final decision.'" *Id.* at 741 (quoting *Sanders,* 430 U.S. at 107–08, 97 S.Ct. at 986). We also rejected the idea that dismissals for untimeliness and denials of requests to reopen claims are distinct enough to permit review for one, but not the other. *Id.* at 741. Rather, a distinction between the two "seems unwarranted." *Id.*

Thus, *Sanders* and *Harper* resolve the issue left open in *Triplett;* a federal court does not have jurisdiction to review the non-constitutional bases of the Secretary's decision on a petition to reopen. Such a decision is not a final decision within the meaning of section 205(g) of the Social Security Act. The district court correctly dismissed all but the constitutional claims for lack of jurisdiction.

## C

Thibodeaux argues that the district court nevertheless had jurisdiction to address her constitutional claims that she was denied due process. She further asserts that her mental illness prevents application of administrative res judicata to her claim, allowing her now as a constitutional right to reopen the claim.

The district court held that Thibodeaux's constitutional claims, as well as the claims for benefits, were barred as res judicata. Res judicata is a term used to describe the preclusive effects of former adjudication and consists of "two preclusion concepts: 'issue preclusion' and 'claim preclusion.' " *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). "Issue preclusion," which is also called direct or collateral estoppel, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Id.* "Claim preclusion," which includes the law of bar and merger, "refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because ... it should have been advanced in an earlier suit." *Id.*

In August 1979 Mrs. Thibodeaux sought reopening of the denial of reconsideration dated July 16, 1968. The Appeals Council considered and rejected the request for reopening. Mrs. Thibodeaux sought review of the denial of reopening in federal court, which dismissed the claim for lack of jurisdiction to review the Secretary's denial of reopening. Mrs. Thibodeaux did not appeal that decision. Thus, issue preclusion prevents Mrs. Thibodeaux from relitigating before the Secretary or the court the issue whether Wilmon's claims should be reopened.

Mrs. Thibodeaux's constitutional claims also should have been litigated in the previous administrative and judicial actions. The primary right, duty, and wrong in the constitutional claims are the same as those in the previous action seeking judicial

review of the Secretary's denial of benefits. *See Nilsen v. City of Moss Point,* 701 F.2d 556, 559–60 (5th Cir.1983) (en banc) (stating the test for res judicata). Also, the Secretary's improprieties giving rise to Thibodeaux's constitutional claims existed in 1968, thirteen years before Mrs. Thibodeaux filed her first action against the Secretary in federal court, and thus could have been asserted in the earlier litigation. Also, Thibodeaux's alleged mental condition could have been discovered and asserted in the district court action filed in July 1981, when Thibodeaux was represented by counsel. Because the constitutional claims could have been brought in the previous action, the claims are precluded from being brought in this action. *See Migra,* 465 U.S. at 84, 104 S.Ct. at 898 (claim preclusion and issue preclusion apply to actions under 42 U.S.C. § 1983); *Nilsen,* 701 F.2d at 560 ("[O]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar.").

## III

The decision of the district court is AFFIRMED.