861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1775.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court granting summary judgment in favor of the Secretary in a proceeding to review the denial of Social Security disability benefits pursuant to the provisions of 42 U.S.C. Sec. 405(g).
 
 
 2
 The plaintiff filed his application for disability benefits on March 1, 1984, alleging that from February 15, 1983, he had been disabled due to a back injury, high blood pressure, nervous tension and arthritis. The plaintiff had been employed by the City of Detroit from April of 1975 until the date of his back injury as a garbage collector, street cleaner, and for a two month period as a guard. On March 14, 1985, Administrative Law Judge Tucker (ALJ) found that although the plaintiff was not able to perform his past relevant work as a garbage collector, the grid would direct a finding of "not disabled" due to the fact that the plaintiff had erroneously reported his age to be fifty-five. It should be noted that if the plaintiff had reported his correct age of sixty-four at that time, the grid would have directed a conclusion of "disabled."
 
 
 3
 On December 21, 1985, the Appeals Council remanded the plaintiff's case for redetermination of eligibility in connection with the revised rules for determining disability due to mental disorders. At his hearing on remand held on June 4, 1986, the plaintiff offered proof of his correct age, which, as previously stated, was 64 at the time of his initial application. On July 29, 1986, ALJ Tucker found that the plaintiff could perform his past relevant work as a street cleaner which was a less strenuous job that the plaintiff had held for four years. Consequently, the ALJ recommended that the plaintiff be found to be not disabled.
 
 
 4
 The Appeals Council reviewed this recommendation and on January 21, 1987, found that the plaintiff's former work as a street cleaner was a job of medium exertional level and because it required heavy lifting, strenuous activity, and frequent bending, that the plaintiff was not able to return to this past employment. However, the Appeals Council found that the plaintiff could return to his past work as a security man in a guard shack because this work did not require heavy lifting, strenuous labor or frequent bending. Vocational expert Samuel Goldstein had testified at the hearing before the ALJ that this job was of a light exertional level. Therefore, the Appeals Council found that the plaintiff was not entitled to a period of disability or to disability insurance benefits under the Social Security Act.
 
 
 5
 On review by the District Court, the Court found that the plaintiff's employment as a security man in a guard shack did not qualify as past relevant work, because it was for a period of less than three months which was a period of insufficient duration according to vocational expert Goldstein. However, the Court found that pursuant to Goldstein's testimony, that there were 45,000 jobs which involved light work that the plaintiff could perform and consequently he was not disabled, even though the District Court concurred with the Appeals Council that he was unable to perform his past relevant work as a street cleaner or garbage collector.
 
 
 6
 In view of the conflicting findings at the various stages of this proceeding, it appears that the dispositive issue in this case centers around the question of whether or not there is substantial evidence in the record to support the Secretary's conclusion that the plaintiff's employment as a guard qualifies as "past relevant work."
 
 
 7
 In other words, if the Secretary's finding that the plaintiff's guard shack job qualifies as past relevant work, is supported by substantial evidence, then the Secretary's decision that the plaintiff is not disabled must be affirmed. However, if there is no substantial evidence in the record that this guard job qualifies as past relevant work, then the Secretary's decision that the plaintiff can no longer return to his other past relevant work would compel the continuation of the sequential process.
 
 PAST RELEVANT WORK
 
 8
 The significance of work experience in the Secretary's sequential evaluation process is explained in 20 C.F.R. Sec. 404.1565 as follows:
 
 
 9
 "Work experience" means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity.
 
 
 10
 In regard to employment for brief periods of time, Section 404.1565 also states:
 
 
 11
 If you have no work experience or worked only "off-and-on" or for brief periods of time during the 15-year period, we generally consider that these do not apply. (emphasis added).
 
 
 12
 In addition to the foregoing regulation, Social Security Ruling 82-62 was promulgated by the Secretary in order to
 
 
 13
 "explain the procedures for determining a disability claimant's capacity to do past relevant work (PRW) as set forth in the regulations, and to clarify the provisions so that they will be consistently applied."
 
 
 14
 All Social Security Administration personnel and officials, including administrative law judges and the Appeals Council, must apply 20 C.F.R. Sec. 404.1520(e) of the sequential process as interpreted in SSR 82-62 because Social Security rulings are considered to be binding. See McDonald v. Secretary of Health & Human Services, 795 F.2d 1118, 1125 (1st Cir.1986).
 
 
 15
 SSR 82-62 imposes a durational requirement in regard to past relevant work. Exclusions from relevant work experience are described in SSR 82-62 as including the following:
 
 
 16
 An individual who has worked only sporadically or for brief periods of time during the 15-year period, may be considered to have no relevant work experience. (emphasis added).
 
 
 17
 The durational requirement for past relevant work is defined by SSR 82-62 as follows:
 
 2. Duration
 
 18
 Duration refers to the length of time during which the person gained job experience. It should have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work.
 
 
 19
 In the decision of the Appeals Council dated January 21, 1987, the Appeals Council acknowledges:
 
 
 20
 The vocational expert testified that the claimant's job in the guard shack was unskilled and light and further testified that it would be of little vocational significance if the job was performed for less than three months and more than three to five years previously.
 
 
 21
 In fact, Mr. Goldstein's complete testimony in this regard was as follows:
 
 
 22
 Q. Now Mr. Goldstein, in your opinion, that security guard/watchman which I believe you said is unskilled and light, is that vocationally relevant here, because of the length of time or have you any comment on that?
 
 
 23
 A. Okay. Well, I thought that it was a period that exceeded 3 months. If it was more than that and it was within the last say 3 to 5 years, then it would be relevant. If was less than that and occurred longer ago than 3 to 5 years for that brief of duration, then I don't think it really would have any great significance. Given the fact that it's unskilled, I mean we're not talking about the development of any transferable skills in any event. (emphasis added).
 
 
 24
 The Appeals Council does not address the undisputed testimony of the plaintiff that he had been employed at the guard shack for a period of only two months. And, in spite of the testimony of the vocational expert called by the ALJ which negates the plaintiff's job at the guard shack from being vocationally relevant, the Appeals Council found that the guard shack employment was past relevant work without a specific finding in regard to the durational requirement as required by SSR 82-62.
 
 
 25
 In determining if a claimant is able to return to his past relevant work, SSR 82-62 describes the process that Social Security personnel must use, as follows:
 
 
 26
 The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
 
 
 27
 Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).
 
 
 28
 The record in this case is devoid of any evidence or documentation that would resolve the issue of whether or not the plaintiff's guard shack job was of sufficient duration to qualify as past relevant work other than the testimony of Mr. Goldstein which establishes that it is not.
 
 
 29
 Therefore, the decision of the Secretary that the plaintiff's guard shack job was past relevant work is not supported by substantial evidence, and the District Court's finding that the plaintiff's past relevant work was not as a guard but was as a street cleaner is not clearly erroneous.
 
 
 30
 There is substantial medical evidence in the record to support the conclusion of the Appeals Council and the district court that the plaintiff cannot perform his past relevant work as a street cleaner which was a job of a medium exertional level.
 
 
 31
 Consequently, the sequential process was correctly found to be incomplete by the District Court which proceeded to complete the process in order to rule on the motions for summary judgment filed by each party. This Court must now address the manner in which the sequential process was completed by the district court.
 
 USE OF THE GRID
 
 32
 If the Appeals Council's finding that the plaintiff has the residual functional capacity to do a full range of light work is utilized with the other applicable components which pertain to the plaintiff, and the grid is used, a finding of disabled is directed.
 
 
 33
 The reasoning behind the District Court's decision not to use the grid is that the plaintiff has both exertional and non-exertional impairments. However, it is clearly settled that "it is only when the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level that nonexertional limitations must be taken into account and a nonguideline determination made." Cole v. Secretary of Health and Human Services, 820 F.2d 768, 772 (6th Cir.1987); Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-529 (6th Cir.1981). The ALJ found few, if any, limitations that the plaintiff's mental impairment would impose, and the only limitations noted by the Appeals Council were exertional limitations.
 
 
 34
 In Damron v. Secretary, 778 F.2d 279 (6th Cir.1986), although the plaintiff was not found to be disabled when the component of light range of work was utilized, the Court went on to state:
 
 
 35
 Although the ALJ found that Damron has "the residual functional capacity to perform at least light work on a sustained basis" (emphasis added), it is clear from the record that if she does not have the RFC to perform light work on a sustained basis, she must be found to be totally disabled. The grid would compel this finding under 20 C.F.R. 404 Appendix 2 of Subpart P, Rule 201.09, given her age, education, and lack of work experience. (emphasis added).
 
 
 36
 Therefore, the district court's reliance on Damron, for the proposition that the grid need not be used is misplaced.
 
 
 37
 The Court in Kirk, supra, at 528 has also held:
 
 
 38
 It is important to note that once these components which make up the guidelines are determined, the guidelines themselves direct a conclusion of disabled or not disabled; however, the claimant has the opportunity to present evidence and to rebut and challenge each and every component that makes up the grid before disability is decided.
 
 
 39
 In the case at bar, it is the Secretary that has offered the testimony of a vocational expert that purports to rebut the conclusion directed by the grid. There has been no rebuttal as to any one of the components that makes up the grid by either party.
 
 
 40
 This use of a vocational expert by the Secretary is contrary to the purpose for which the Secretary promulgated the medical-vocational guidelines or grid. As stated in Heckler v. Campbell, 461 U.S. 458, 76 L.Ed.2d 66, 71, 103 S.Ct. 1952 (1983):
 
 
 41
 These guidelines relieve the Secretary of the need to rely on vocational experts by establishing through rule-making the types and numbers of jobs that exist in the national economy. They consist of a matrix of the four factors identified by Congress--physical ability, age, education, and work experience--and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled.
 
 
 42
 Therefore, because there is substantial evidence in the record that the plaintiff cannot return to his past relevant work as a street cleaner, the District Court was clearly erroneous in failing to then apply the grid which directs a finding of disabled. 20 C.F.R. Sec. 404.1569 and Rule 202.01, Table No. 2, Appendix 2, Subpart P.
 
 
 43
 The judgment of the district court is REVERSED and the case is remanded with instructions to remand the case to the Secretary for the purpose of awarding benefits.
 
 
 
 [1]
 Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation