69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David M. BAKER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee
 No. 95-7001.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1995.
 ORDER AND JUDGMENT[2]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,[3] Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from a district court order affirming the Secretary's decision to deny social security benefits. On the basis of expert vocational testimony, the Secretary concluded that despite severe impairments precluding a return to past relevant work, plaintiff retained the residual functional capacity (RFC) to perform certain sedentary occupations, and, accordingly, found plaintiff not disabled at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(explaining five-step analysis set out in 20 C.F.R. 404.1520, 416.920). As explained below, we hold that this decision is based on insubstantial evidence indicating the use of incorrect legal standards and, therefore, reverse and remand for further proceedings. See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994)(stating standard of review for social security determinations).
 
 
 4
 Plaintiff's primary complaint involves the functional limitations and attendant pain resulting from post-surgical back problems. The Administrative Law Judge (ALJ) recognized the severity of these impairments, finding plaintiff capable of performing only sedentary work, with the added restriction that he be allowed to alternately sit and stand as needed. Upon review of the medical record and hearing testimony, we see no basis for disturbing the ALJ's findings in this regard.
 
 
 5
 The error prompting our reversal involves, rather, the ALJ's attempt to relate these findings, with the pertinent vocational factors of age, education, and work experience, to the occupational base discussed by the vocational expert. The source of the problem lies in the peculiar course of plaintiff's administrative proceedings. As a result of a remand by the Appeals Council, two distinct evidentiary hearings, separated by more than a year's time, were conducted by the ALJ in this case, but the vocational expert was not recalled to testify at the second hearing. In the interim, plaintiff's chronological status went from that of "younger person" to "person approaching advanced age," a development with significant implications for the vocational adaptability of someone, like plaintiff, with a sedentary RFC and limited education. That is, while "we generally do not consider that [a younger person's] age will seriously affect [his] ability to adapt to a new work situation," 20 C.F.R. 404.1563(b), one's status as a person approaching advanced age "may seriously affect [his] ability to adjust to a significant number of jobs in the national economy," 20 C.F.R. 404.1563(c). Thus, for example, an individual with plaintiff's RFC (even without the sit/stand restriction), present age, and educational level would be deemed disabled under the Secretary's medical-vocational guidelines ("grids") if he lacked skills transferable to sedentary work, see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10, while his younger, presumably more adaptable, counterpart would not be considered disabled, see id., Rule 201.19. See, e.g., Calvin v. Heckler, 782 F.2d 802, 804 (9th Cir.1986)(illustrating dispositive effect of age in case discussing Rules 201.10 and 201.19).
 
 
 6
 Where, as here, the claimant continues to meet applicable earnings requirements, his age on the date of final decision governs the question of disability, though the determination of onset remains a function of his age at the operative time in the past. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 780-81 (6th Cir.1987); Walhood v. Secretary of Health & Human Servs., 875 F.Supp. 1278, 1284 (E.D.Tex.1995); see Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir.1991)(citing alleged onset date and date of Secretary's final decision as "times pertinent to the Secretary's inquiry" with respect to age of claimant); see, e.g., Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.1993)(relying on claimant's age at time of ALJ's decision); Eggleston v. Bowen, 851 F.2d 1244, 1248 (10th Cir.1988)(same). Thus, with respect to the ALJ's assessment of plaintiff's employment prospects at step five, where the Secretary bears the burden of proof, it was a critical error not to obtain expert testimony accounting for the vocationally significant change in plaintiff's chronological status before the second hearing.[4] See Nielson, 992 F.2d at 1120-21 (holding ALJ's misstatement of plaintiff's age in hypothetical inquiry, placing him in younger age category than that applicable on date of decision, undermined probative value of expert's resultant opinion); cf. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991)("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.").
 
 
 7
 The transcript of plaintiff's first hearing clearly reflects the vocational expert's reliance on his status as a younger person. The expert prefaced her identification of available sedentary jobs involving no transferable skills (inconsistent with the Secretary's regulations for persons approaching advanced age) by saying, "Because [plaintiff] is in the under fifty category which is considered a younger individual, we could look at the ... unskilled sedentary occupations...." R. Vol. II at 74. And, in her decisive response to the hypothetical inquiry incorporating plaintiff's sit/stand limitation, she identified only sedentary work without transferable skills, id. 76-77.
 
 
 8
 Accordingly, this case must be remanded to the Secretary for further proceedings in which plaintiff's age is properly accounted for.[5] We emphasize that expert testimony merely acknowledging plaintiff's proper age and reiterating prior opinions regarding his ability to perform sedentary sit/stand jobs that do not involve transferable skills will not suffice to deny benefits. An expert cannot support a finding of nondisability by contravening the empirical determinations and policy directives formally incorporated by the Secretary into the grids. Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir.1989); Robinson v. Secretary of Health & Human Servs., No. 87-1775, 1988 WL 113296, at * * 4-5 (6th Cir.1988). See generally Heckler v. Campbell, 461 U.S. 458, 462 (1983)(noting grids promote "uniformity and efficiency of th[e] [step-five] determination," obviate reliance on vocational experts "by establishing through rulemaking the types and numbers of jobs that exist in the national economy," and, thus, where applicable, "direct a conclusion as to whether work exists that the claimant could perform" (emphasis added)). This principle applies with equal force here where, because plaintiff has impairments beyond those expressly accounted for by the grids, they serve as the starting point, or "framework," for consideration of more particularized vocational evidence pursuant to 20 C.F.R. Part 404, Subpart P, App. 2 200.00(d), (e)(2). Swenson, 876 F.2d at 688. Thus, just as skills transferable to sedentary work are a necessary condition for a finding of nondisability under the analogous grid, any sedentary sit/stand work identified for plaintiff on remand must likewise involve transferable skills to justify a finding of nondisability here.
 
 
 9
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is remanded to the district court with directions to remand, in turn, to the Secretary for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [4]
 We emphasize the importance of the inaccuracies at issue here and in the Nielson case, which implicate potentially dispositive distinctions regarding the vocational adaptability of demarcated age groups. We do not mean to suggest that a minor chronological inaccuracy within any particular age category would necessarily undermine the validity of a vocational expert's opinion
 
 
 [5]
 Plaintiff also contends the ALJ improperly omitted from his hypothetical inquiry any reference to plaintiff's hearing loss, diagnosed as a "mild to moderate high frequency sensorineural loss with excellent discrimination for speech bilaterally." R. Vol. II at 226. The ALJ stated plaintiff had obtained hearing aids for the problem, though the sensory benefit they provide is not clear from the record. The Secretary has recognized that the inability to hear can be of "great importance," Social Sec. Rul. 85-15, 1985 WL 56857, at * 7, though the reason is that "it vitally affects communication," id., a concern plaintiff's diagnosis explicitly mitigates. In light of our holding above, we need not decide whether the ALJ's treatment of plaintiff's hearing loss constitutes reversible error. Nevertheless, on remand, the vocational implications, if any, of this medically demonstrated impairment should be explored more thoroughly, preferably with a vocational expert. See id. ("There are so many possible medical variables of hearing loss that consultation of vocational reference materials or the assistance of a [vocational expert] is often necessary to decide the effect on the broad world of work.")